GEORGE BASSETT, as Supervisor, etc., Appellant, *v.* ELLEN WHEELER, Respondent.

It is competent for a person against whom supplementary proceedings for the collection of a tax have been instituted, *ex parte*, under the statute of 1867 (chap. 361, Laws of 1867) to move for a dissolution of the order for his appearance and examination on the ground that it was improvidently granted.

Where, upon such motion, the question as to whether the person proceeded against was a resident of the county was in dispute, and the evidence in relation thereto was conflicting, *held*, that the question was not reviewable here. (Code of Civil Procedure, § 1337.)

(Submitted March 1, 1881; decided March 8, 1881.)

APPEAL from an order of the General Term of the Supreme Court, in the fourth judicial department, made October 23, 1878, which reversed an order of the County Court of Onondaga county, denying a motion on the part of defendant to set aside an order in supplementary proceedings for the collection of a tax granted *ex parte* under the act chapter 361, Laws of 1867, by the county judge, requiring the defendant "to appear and answer concerning her property."

The facts appear sufficiently in the opinion.

*W. P. Goodelle* for appellant. The order granted for the examination of the respondent concerning her property was

proper and legal, the affidavits upon which it was made were sufficient and contained an adequate statement of facts to authorize the granting of it. (Chap. 361, Laws of 1867; 54 N. Y. 67.) The residence of the respondent must be deemed to have continued in Salina, until a change is affirmatively shown, and the burden is on respondent to show a change or abandonment of her former residence. (*Matter of Nichols,* 54 N. Y. 62; *Isham* v. *Gibbons,* 1 Bradf. 69; 1 Am. Lead. Cases, 747; Burroughs on Taxation, 215.) The affirmative proposition must be satisfactorily shown. There must be a removal without any intention of returning. (*Matter of Nichols,* 54 N. Y. 62; *Bulkley* v. *Williamson,* 3 Gray, 493.) The finding that respondent had not in fact abandoned her residence in Salina is the only reasonable conclusion from the evidence. (51 N. Y. 12; *Crawford* v. *Wilson,* 4 Barb. 506; *Cochrane* v. *Allen,* 4 Allen, 177; *Cadwallader* v. *Howell et al.,* 3 Harrison, 138; *Matter of Fitzgerald,* 2 Caines, 319; *Matter of Wrigley,* 8 Wend. 140.)

*Irving G. Vann* for respondent. Every person shall be-assessed in the town or ward where he resides when the assessment is made for all personal estate owned by him. (R. S., § 2, art. 1, tit. 2, chap. 13, part 1, as amended by the Laws of 1851, chap. 176, p. 332.) The phrase, "when the assessment is made," refers to the first day of July. (*Myyatt* v. *Washburn,* 15 N. Y. 316; *Clark* v. *Norton,* 3 Lans. 484.) In case any person possessed of personal estate shall reside during any year in which taxes are levied in two or more counties or towns, his residence, for the purposes of taxation, shall be deemed and held to be in the county and town in which his principal business shall have been transacted. (1 R. S. 389.) On the date of the assessment in question, the defendant resided in the city of New York. (Burrill's Law Dict.; Phillips on Domicile, 13; *Elbers* v. *U. S. Ins. Co.,* 16 Johns. 128; *Crawford* v. *Wilson,* 4 Barb. 504; *Bailey* v. *Buell,* 59 id. 158; *Hulbert* v. *Green,* 41 Vt. 490; *Gregory* v. *Bugbee,* 42 id. 480; *Alexandria* v. *Hunter,* 2 Mun. 228; 2 Kent's

Com. 431, note *e ; Bruce* v. *Hamilton,* 2 Bos. & Pul. 229, note; *Trost* v. *Brisbin,* 19 Wend. 11; *Hegeman* v. *Fox,* 31 Barb. 475; *Wade* v. *Matheson,* 4 Lans. 158; *Matter of Crawford,* 3 N. Y. Leg. Obs. 76.) This makes her taxable upon personal property only in the city of New York. (1 R. S. 389.)

DANFORTH, J. It was shown by affidavit that a tax of $83.95 was levied in 1876 by the board of supervisors of Onondaga county, upon Ellen Wheeler, and returned to the county treasurer uncollected for want of goods and chattels. In the affidavit she was described as a resident of the town of Salina, and it may be assumed that enough was stated to give the county judge jurisdiction over the matter, and authority to issue an order requiring Miss Wheeler " to appear and answer concerning her property," as provided by chapter 361 of the Laws of 1867. The proceeding was, however, *ex parte,* and it was competent for her to procure the dissolution of the order if improvidently granted. Her application was to that end and upon notice; whether it should be granted or not depended upon the question whether, at the time the tax was imposed, she was, in fact, " a resident of the county." It has been answered variously. By the county judge affirmed, and the General Term denied. We cannot say there is no evidence in its support, but it certainly is not all that way. She was a single woman and of age; at one time she occupied, with her own furniture, a room in the house of her mother, to whom she paid board money. But before the imposition of the tax she sold her furniture, gave up her room, and depending upon her own exertions for a livelihood, procured employment in New York, and then, for the double purpose of profiting by it and at the same time pursuing her musical education, went thither. She left Salina with no thought of returning, but with the intention of remaining in New York city. This was in December, 1875, and she has, in fact, since that time resided there. That she could change her residence and acquire a new one is not denied, and as it is apparent that after December, 1875,

she had no dwelling or abode in Onondaga county, I am unable to see how she could do more than she has done to indicate her intention to become a resident of New York or carry that intention more completely into effect. There was an intent to change her residence, an actual removal, a new abode taken and business entered upon. It is, however, not necessary to pursue the inquiry, for the appellant has at most shown that the evidence is conflicting, and the question of fact depending thereon is not subject to review in this court. (§ 1337, Code of Civ. Proc.)

The appeal should, therefore, be dismissed, with costs.

All concur, except RAPALLO, J., absent.

Appeal dismissed.