FLORENCE M. DE MELI, Appellant and Respondent, v. HENRY
    A. DE MELI, Appellant and Respondent.

Within the meaning of the provision of the Code of Civil Procedure
    (§ 1763), prescribing when an action for separation between husband
    and wife may be maintained, the place of which the parties are "resi-
    dents" is that of their permanent abode, and so the word is used as
    synonymous with inhabitancy or domicile, and as distinguished from
    their place of temporary residence.
In such an action, brought by the wife because of alleged cruel and
    inhuman treatment, one of the specifications was that the defendant had,
    after separation, without cause and for the purpose of injuring her,
    accused her of adultery, defendant, by way of counter-claim, alleged
    that plaintiff had committed adultery, and asked for a divorce. Held,
    that the action was not founded upon "an allegation of adultery" within
    the meaning of the provision of the Code of Civil Procedure (§ 831) in refer-
    ence to the competency of the husband or wife to testify against the other
    upon trial of an action founded on such an allegation, and that, therefore,
    under said provision, prior to the amendment in 1887 (Chap. 108, Laws
    of 1887), while the wife was incompetent to testify upon the issue of
    adultery as presented by the answer and reply, as her own cause of
    action was not founded upon an allegation of adultery, she was com-
    petent to testify to any matter essentially within the issues tendered by
    her complaint; and so that the reception of her testimony to the effect
    that she was not guilty of adultery, as alleged in the complaint to have
    been charged against her by her husband was not error; that defendant
    could not, by setting up the counter-claim, deprive plaintiff of the right
    to testify on that subject so far as it was relevant to her alleged cause of
    action.
A court has no extra territorial jurisdictiction, and a person not domiciled
    in the state or country cannot be charged in personam by its adjudica-
    tion, unless he is personally served with notice or process within it, or
    voluntarily submits himself to the jurisdiction of the court by appear-
    ing in some manner in the action or proceeding.
Accordingly held, as the court found, upon evidence justifying the finding,
    that the parties were domiciled in this state; that the rejection as evi-
    dence of the record of a judgment of divorce of a court in Germany, in
    an action brought by the defendant against the plaintiff, wherein there
    was no personal service of process upon her and no appearance by her,
    was not error.

(Argued April 25, 1890; decided June 3, 1890.)

CROSS APPEALS from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 26, 1887, which affirmed a judgment upon decision of the court on trial at Special Term.

This action was brought for separation on the alleged ground of cruel and inhuman treatment.

The defendant, by his answer, put in issue the allegations of the complaint essential to that relief, and by way of counterclaims, alleged abandonment of him by the plaintiff, also the commission by her of adultery, and asked as affirmative relief, first, separation, or, second, a divorce.

The trial court determined that neither party was entitled to the relief sought. Both parties appealed.

*John E. Parsons* for plaintiff. The court has jurisdiction of the plaintiff's action. The place of residence of each at the time of the commencement of the action was New York. (*Fowler* v. *B. Bank*, 23 Abb. [N. C.] 133, 148, 166; *Hughes* v. *Dundee*, 28 Fed. Rep. 40; Bigelow on Estop. 601; *Walker* v. *Millard*, 29 N. Y. 375; *In re Teyh*, 52 Hun, 102; *In re Morrison*, 27 N. Y. S. R. 977; *People* v. *Baker*, 76 N. Y. 78; *Hewitt* v. *Northrup*, 75 id. 510; *De Meli* v. *De Meli*, 90 id. 654.) The court properly rejected the so-called German decree. (*People* v. *Baker*, 76 N. Y. 78; *Hunt* v. *Hunt*, 72 id. 217; *O'Dea* v. *O'Dea*, 101 id. 23; *Cross* v. *Cross*, 108 id. 628; *Rundle* v. *Van Inwegan*, 9 Civ. Pro. Rep. 328; *In re Morrison*, 52 Hun, 102.) Judgment for a limited divorce should have been given in favor of Mrs. De Meli. (*Kelly* v. *Kelly*, L. R. [2 P. & D.] 31, 32; *Bihin* v. *Bihin*, 17 Abb. Pr. 19; *Whispell* v. *Whispell*, 4 Barb. 217, 219; *Uhlman* v. *Uhlman*, 17 Abb. [N. C.] 238, 254; *Waltermire* v. *Waltermire*, 110 N. Y. 183.)

*Herbert B. Turner* for defendant. The court has no jurisdiction of the cause of action, and the complaint should have been dismissed for that reason. (Code Civ. Pro. § 1756, 1763; *Bassett* v. *Wheeler*, 84 N. Y. 466; *Pollock* v. *Pollock*, 71 id.

151.) The defendant, in his answer, controverts the allegation as to his residence. His appearance in the case is no waiver. He cannot, by any appearance or consent, confer jurisdiction. Nor by absolutely admitting his own residence, or that of the plaintiff, can he change the fact, and confer jurisdiction. (*Dudley* v. *Mayhew*, 3 N. Y. 12; *Davis* v. *Packard*, 7 Pet. 276; *Burkle* v. *Eckhart*, 3 N. Y. 132, 137; *Landers* v. *S. I. R. R. Co.*, 53 id. 450, 460; *Wheelock* v. *Lee*, 74 id. 495, 497.) The undisputed evidence shows that Dresden is the defendant's domicile, therefore, *a fortiori*, his residence. These are not controvertible terms. (*Bell* v. *Pierce*, 51 N. Y. 12, 17; *Frost* v. *Brisbin*, 19 Wend. 11, 14; *In re Wrigley*, 8 id. 140.) Indefinite expressions of intention to return are too vague and uncertain to be entitled to any weight; actual intention is shown by what is actually done. (*Isham* v. *Gibbons*, 1 Brad. 91; *Holmes* v. *Greene*, 7 Gray, 299; *In re Steers*, 3 H. & N. 594; *Depuy* v. *Wurtz*, 53 N. Y. 556; *Hoskins* v. *Matthews*, 35 Eng. L. & Eq. 549; *Bruce* v. *Bruce*, 2 B. & P. 230; *Anderson* v. *Anderson*, 42 Vt. 350; Story on Conf. of Laws, § 46; 5 Parsons on Cont. 579, chap. 2, § 4; *Shelton* v. *Tiffin*, 6 How. [U. S.] 185; *Cole* v. *Cheshire*, 1 Gray, 441; *Sherwood* v. *Judd*, 3 Brad. 267, 275; *Harris* v. *Firth*, 4 Cranch, 710; *State* v. *De Caznora*, 1 Tex. 401; *State* v. *Frest*, 4 Harr. 558; *The Harmony*, 2 Rob. Ad. 266, 322; *Elbers* v. *U. S. Ins. Co.*, 16 Johns. 128; *Harral* v. *Harral*, 39 N. J. Eq. 379; 37 id. 458; *Williamson* v. *Parisien*, 1 Johns. Ch. 389.) Defendant is a non-resident for the purposes of the attachment laws. (*Haggart* v. *Morgan*, 5 N. Y. 422.) The fact that defendant is a citizen of the United States is not inconsistent with his being a resident, or even being fully domiciled in Saxony. A man does not lose his political rights by being domiciled in a foreign country. (*The Ann Green*, 1 Gall. 274; *The Joseph*, Id. 545; *Beavers* v. *Smith*, 11 Ala. 20.) The answer of the defendant is properly drawn in the double aspect. (2 B. & P. 230; *White* v. *Brown*, 1 Wall. 217, 262; Code, § 495; *Gardner* v. *Clark*, 21 N. Y. 401; *Sweet* v. *Tuttle*, 14 id. 465; Code Civ. Pro. §§ 500, 507; Code Pro. §§ 149,

150; *Bruce* v. *Burr*, 67 N. Y. 237, 240; *Stiles* v. *Comstock*, 9 How. Pr. 48; *Hollenbeck* v. *Clow*, Id. 290; *Butler* v. *Wentworth*, Id. 282; *Mayhew* v. *Robinson*, 10 id. 162; *Bridge* v. *Payson*, 5 Sandf. 210; *Baldwin* v. *U. S. T. Co.*, 54 Barb. 517; *Hammond* v. *Earle*, 58 How. Pr. 426; *Loosey* v. *Orser*, 4 Bosw. 405; *Spencer* v. *Babcock*, 22 Barb. 335; Story's Eq. Pl. § 421; *Redmond* v. *Dana*, 3 Bosw. 615; *Lloyd* v. *Brewster*, 4 Paige, 537; *Colton* v. *Ross*, 2 id. 396; Daniel's on Ch. Pl. 384.) The trial court erred in not giving the defendant judgment on the merits on the ground of abandonment. (Code, § 1765.) The court erred in allowing the plaintiff to testify on her own behalf and deny the charge of adultery made against her by the defendant. (*Hasbrouck* v. *Vandervoort*, 9 N. Y. 153; Code Civ. Pro. § 831; *Finn* v. *Finn*, 12 Hun, 339; *Southwick* v. *Southwick*, 49 N. Y. 510; *Campbell* v. *Campbell*, 12 Hun, 636; *Kennedy* v. *Kennedy*, 73 N. Y. 369, 374; *Whispell* v. *Whispell*, 4 Barb. 217; *F. Bank* v. *Whinfield*, 24 Wend. 419; *Boyle* v. *Colman*, 13 Barb. 42; *Williams* v. *Fitch*, 18 N. Y. 546; *Baird* v. *Gillett*, 47 id. 186; *Brown* v. *Richardson*, 20 id. 472; *Gillett* v. *Gillett*, 7 Wend. 193; *Clark* v. *Vorce*, 19 id. 232; *Underhill* v. *N. Y. & H. R. R. Co.*, 21 Barb. 489; *Myers* v. *Malcolm*, 6 Hill, 292; *Authorne* v. *Coit*, 2 Hall, 40; *Wehrun* v. *Kuhn*, 2 J. & S. 336; 61 N. Y. 623; *Foote* v. *Beecher*, 78 id. 155.) The court erred in refusing to receive the judgment of divorce granted by the Court of Saxony to the defendant. (*People* v. *Baker*, 76 N. Y. 78; *Hunt* v. *Hunt*, 72 id. 217.)

BRADLEY, J. The parties were married at Dresden, in the kingdom of Saxony, in March, 1870, and in October, 1881, plaintiff at that place left her husband, came to New York and in March, 1882, commenced this action for separation by obtaining an order for publication of the summons and causing the summons with the complaint to be personally served upon the defendant in the city of Dresden, Germany. The defendant, by his answer, denied that he was a resident of the state of New York at the time of the commencement of the action,

and alleged that the court was without jurisdiction of its subject-matter. But with a view to affirmative relief, he added that in the event it should be determined that he was then a resident of this state, his allegation to that effect should be effectual to support his answer in that respect, setting forth his counter-claims. The plaintiff gave much evidence with a view to establish the alleged cruel and inhuman treatment of her by the defendant, and the evidence of the latter tended to controvert, in the main, that given by her in that respect. And the evidence on the part of the defendant, bearing upon his alleged counter-claims, so far as it tended to support the charges made against her, was in conflict with that given on the part of the plaintiff to meet it. The findings of fact by the trial court relating to the charges and counter-charges of the parties were supported by evidence, and the conclusion necessarily followed that neither party was entitled to relief upon the issues presented for trial. And none of the exceptions to the conclusions of the court, and to the refusals to find as requested, other than that relating to the place of residence of the defendant at the time of the commencement of the action, require any further consideration on this review. The facts quite fully appear in the opinion of Judge RUMSEY at Special Term. (67 How. Pr. 20.) The court found that at the time of the marriage in Dresden, Saxony, and since then to and including the time of the commencement of this action, both of the parties were and continued to be residents of the state of New York. It must be assumed that until the plaintiff left the defendant at Dresden, her place of residence was determined by his. And inasmuch as the parties were married abroad, and the alleged transactions upon which the charges were founded, took place beyond this state while the plaintiff was absent from it, the fact that the parties were residents of this state at the time the action was commenced was essential to enable the court to entertain the action for the purpose of the relief sought in it by the parties. (Code, §§ 1756, 1763.) It is contended by the defendant's counsel that there was no opportunity given by the evidence to the

court to find that the defendant was a resident of this state at the time the action was commenced. When the parties were born, their parents were residents of the city of New York. From 1846 or 1847, when the defendant was four or five years of age, a considerable portion of the time prior to his marriage he was in Europe with his parents, who within that period spent portions of their time there and in the state of New York. The last time, prior to that event, of their return to Europe was in 1868, when they went to Dresden. In that year the plaintiff went abroad with her parents, and, after traveling about some, they stopped at Dresden. Shortly after their marriage the parties came to New York, and from thence they went to Colorado, where the defendant was interested in some mines. They returned to Dresden in the fall of 1870, and thereafter they remained in Europe until the plaintiff came away, and to New York in October, 1881. While Dresden was treated by them as their European home, a considerable portion of their time was occupied in traveling. The fact that they remained there as they did, would, if nothing appeared to the contrary, raise the presumption that the defendant had ceased to be a resident of the state of New York. But the question whether that relation to this state had been severed was dependent upon his intention. There was some evidence tending to prove that he regarded himself a resident of the state of New York; and that his purpose was continued during his absence from it to return to this state as his place of residence. The weight of the evidence on that subject is not here for consideration. That question was disposed of in the court below. (*Bassett* v. *Wheeler*, 84 N. Y. 466.) It is true the defendant testified that he was a resident of Dresden and had no intention of returning to the state of New York to reside, and contradicted the evidence on the part of the plaintiff tending to the contrary. But the fact that he was called as a witness by the plaintiff when he gave such evidence, did not conclude her on the question of his credibility on that subject. (*Becker* v. *Koch*, 104 N. Y. 394.)

It is, however, urged that although the continued purpose of the defendant, while absent from it, may have been to return to this state, he was, nevertheless, a resident of Dresden and not of the state of New York; and that his place of residence was not determined by his domicile. That is so for some purposes, and in cases where it is applicable a change of the latter is not essential to the change of the former. (*In re Thompson*, 1 Wend. 43; *Frost* v. *Brisbin*, 19 id. 11; *Haggart* v. *Morgan*, 5 N. Y. 422; *Bell* v. *Pierce*, 51 id. 12.) The question here has relation to the legal residence of the parties. And within the meaning of the statute providing for actions of this character, the place of which the parties are residents is that of their permanent abode, which may be distinguished from their place of temporary residence. The defendant was not without his domicile, and unless another was acquired by him elsewhere, he retained his domicile of origin. And to effect a change of it the fact and intent must concur. (*Crawford* v. *Wilson*, 4 Barb. 504; *Dupuy* v. *Wurtz*, 53 N. Y. 556; *Gilman* v. *Gilman*, 52 Me. 165; 83 Am. Dec. 502.)

In legal phraseology residence is synonymous with inhabitancy or domicile. And it is in this sense that the term resident is used in the provisions of the Code before referred to, and persons having that relation to this state are its citizens and residents, and for the purposes of the relief like that in view of this action, they are subject to the jurisdiction of its courts. The purposes for which residence is not determined by domicile are those within the contemplation of some statutes. Such application has been made of statutes providing for levy of attachments on the property of non-residents, and the assessment of taxes on the personal property of residents. Then, and for the purpose of such remedy and taxation, the place where the party actually resides may (as has been held) be treated as that of his residence although his domicile is elsewhere. Here there was some evidence that the defendant's domicile remained in this state, and, consequently, the conclusion that he was a resident of it when the action was commenced, is not reviewable on this appeal. In *Harral* v.

*Harral* (39 N. J. Eq. 279; 51 Am. R. 17) there was no evidence to repel the presumption that when the testator went to Paris and made that his place of residence, he did not intend to change his domicile to France. His act and intent, as so manifested and unqualified, indicated his purpose to do so, and such may have been the apparent relation of the defendant to Germany if nothing had appeared to the contrary.

The defendant was at liberty to allege in his answer facts by way of counter-claim, and seek affirmative relief against the plaintiff for separation or dissolution of his marriage with her. (Code, § 1770.) He did, for the purpose of seeking a divorce from her, allege that she had committed adultery with one Baron Heino Von Geyso at Eger in Bohemia, at Dresden in Saxony, and at other places in Europe, which she, by her reply, denied. At the time of the trial and prior to its amendment in 1887 the statute provided that "A husband or wife is not competent to testify against the other upon the trial of an action  *  *  *  founded upon an allegation of adultery, except to prove the marriage." (Code, § 831.) The plaintiff was then incompetent to testify upon that issue. Her action for separation, however, was not founded upon any allegation of adultery, and she was competent to testify in support of her alleged cause of action, and to any matter essentially within the issue tendered by the allegations of her complaint. As part of her cause of action, the plaintiff alleged that after she left Dresden the defendant declared his purpose not to permit the plaintiff to return to him if she wished so to do; and that to justify his action towards her he had undertaken to impeach her chastity by charging that in 1880 and 1881 she was guilty of adultery, and that the accusation so made by him became circulated amongst her friends at Dresden; and that such charge was wholly without foundation, and was made by the defendant for the purpose of injuring the plaintiff. In his answer the defendant denied those allegations. After the subject of the alleged charges so made by the defendant against the chastity of the plaintiff had been referred to on the trial, and evidence had been given

on her part to the effect that the defendant had made to others the accusation that the plaintiff had committed adultery with Baron Von Geyso, and before the defendant had given evidence tending to support the charge, the plaintiff testified that during the period of time within which it was charged by the defendant that she met Von Geyso at Eger, she visited that place on one occasion only, when she drove there from Frazensbad, where she was then staying, and returned to the latter place in one afternoon, and in answer to a general question she testified that there never had been any impropriety of any kind between Baron Von Geyso and herself. Exception was taken by the defendant's counsel to this evidence on the ground that the plaintiff was incompetent to testify on that subject. And after the evidence had been given on the part of the defendant tending to support the charge of adultery, the plaintiff was recalled as a witness in her own behalf and asked this question by her counsel : " I asked you, before the examination of the Eger witnesses, whether you were at Eger under the circumstances stated and you said no ; do you still stand by that testimony ? " To which after objection and ruling were made, she answered " I do," and exception was taken. As has been already observed, the accusation of unchastity of the plaintiff, made by the defendant, was a subject of her complaint and of proof in the action. And the defendant could not, by setting up a counter-claim founded upon the charge of adultery, deny to the plaintiff the right to testify on that subject, so far as it was relevant to the matter of her alleged cause of action, although it was not competent for her to testify to like matter upon the issue arising out of the alleged counter-claim. The charge made and reported by the defendant was a serious one, and if maliciously made was properly the subject of complaint and proof by the plaintiff as auxiliary to the other matters alleged by her in support of the cause for separation founded upon the charge of cruel and inhuman treatment. (*Whispell* v. *Whispell*, 4 Barb. 217 ; *Kennedy* v. *Kennedy*, 73 N. Y. 369.) And, although such accusation was made by the defendant after the plaintiff left

him, it, if made without any reasonable cause, might furnish some evidence legitimately bearing upon his feeling toward the plaintiff, and thus characterize somewhat his treatment of her as she represented it, while she remained with him. Whether the evidence, as a whole, was sufficient to justify the relief she sought in the action, was for the court to determine after the close of the evidence. And until then, the court could not properly determine what weight any particular evidence might be entitled to. It was sufficient for the purposes of its admissibility that it may have had some bearing upon the issue presented for trial either directly or in impairing the weight of any evidence given against her upon that issue. And in that view, it was unimportant whether it was introduced before or after the defendant had put in his evidence tending to support his alleged counter-claim. While the testimony referred ·to of the plaintiff was not admissible upon the counter-claim, it cannot well be said that it was not so as bearing on the question of the defendant's good faith in making the accusation against her in the action she was prosecuting, and as to that and for that purpose only, it must be deemed to have been received and considered. The court finally concluded that the defendant had information which induced him to and he did believe.when he made the charge of unchastity of the plaintiff that it was well founded, and thus relieved him from the imputation of maliciously making it. There was evidence tending to support that view of the court, and whatever force may have otherwise been given to the evidence upon that subject, or to which it would have been entitled, is not a question now for consideration. The reception of the evidence of the plaintiff was not error.

The defendant's counsel offered in evidence what purported to be a judgment of the Royal Circuit Court, Second Civil Division in Dresden, Germany, in which the defendant here was plaintiff, and this plaintiff was defendant, granting on behalf of the former a divorce in July, 1883, and to the ruling of the court excluding it exception was taken. It may be assumed for the purposes of the question that the proceed-

ing or action was instituted and conducted according to the law of Germany, and in that view if their domicile was there the court had jurisdiction, although the defendant in it was then absent from the empire and did not in any manner appear in the action or proceeding. In such case a party whose domicile is in a country is subject to its laws, and juris-diction of his person as well as of the subject-matter may be acquired by the court by means of substituted service in the manner provided if provision for such purpose is made by its laws, although the party sought to be charged by an action brought against him is then absent from the country and can-not be personally served with process within it. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Huntley* v. *Baker*, 33 Hun, 578, and cases there cited.)   But a court nas no extra territorial jurisdiction, and a person not domiciled in the state or country cannot be charged *in personam* by adjudication there, unless he is personally served with notice or process within it or volun-tarily submits himself to the jurisdiction of its court by appearing in some manner in the action or proceeding sought to be instituted against him. (*People* v. *Baker*, 76 N. Y. 78; *Dunn* v. *Dunn*, 4 Paige, 425; *Ableman* v. *Booth*, 21 How. [U. S.] 506; *Bischoff* v. *Wethered*, 9 Wall. 812; *Ralston's Appeal*, 93 Penn. St. 133.)

At the time the suit was commenced the plaintiff was in New York.   There was no personal service of any process upon her in Germany, and the fact appears by the record that she did not appear in that suit.   Assuming that the plaintiff's domicile was not in that country at the time the suit there was instituted, the court had no jurisdiction of her person and the judgment as against her was a nullity.   It is unneces-sary to consider further the record of the judgment or the manner of its authentication or how her relation to that country was affected by the continued residence of her hus-band in Germany, since the trial court found that the parties were residents of the state of New York.   Upon that ques-tion the record referred to could have no bearing or relevancy, and, therefore, it was entitled to no consideration as evidence

for any purpose. If the court had found the fact otherwise the complaint in this action would necessarily have been dismissed.

Attention has been given to all the exceptions, and none of them seem to have been well taken.

The judgment should be affirmed.

All concur, FOLLETT, Ch. J., in result.

Judgment affirmed.