WOODRICK *v.* WOODRICK.

(*Supreme Court, General Term, Second Department.* August 20, 1892.)

DIVORCE—ADULTERY—TESTIMONY OF HUSBAND.

In an action by a wife for separation on the ground of violence and charges against her chastity, where defendant denies the ill treatment and asks divorce on the ground of adultery, the wife having testified to the husband's charges against her chastity, he may, on the issue of ill treatment, though not on that of adultery, testify to statements made to him against her fidelity, and to conversations with her on the subject.

Appeal from special term, Queens county.

Action by Belle J. Woodrick against William Woodrick, her husband, for separation. Defendant asked for divorce for adultery. Judgment for defendant on verdict. Plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT and CULLEN, JJ.

*Patrick Keady,* for appellant. *Henry A. Monfort,* for respondent.

CULLEN, J. The plaintiff instituted this action for a separation, alleging physical violence on defendant's part, and also unfounded charges by him against her chastity. The defendant denied the ill treatment, and asked for a divorce charging the plaintiff with adultery. The cause was tried before a jury, who found the issue of adultery against the plaintiff. On this finding a judgment of divorce was granted to the defendant, and from that judgment this appeal is taken. There was sufficient evidence to justify the verdict of the jury, and the judgment should not be disturbed, unless there was error committed on the trial of the action. The main complaint of the plaintiff is that the defendant was permitted on the trial to testify to statements made to him against the wife's fidelity, and also to conversations with her upon the subject. The defendant was, doubtless, an incompetent witness to prove his charge of adultery against the plaintiff. But the trial court in allowing the evidence expressly ruled that it was admissible solely on the issue of the ill treatment of the plaintiff, not on the issue of her adultery. The evidence, doubtless, may have tended to prejudice the plaintiff's case on the latter issue, but both issues were on trial, and, if the testimony was competent on any issue, we do not see how it could have been legally excluded. The true way to avoid the evidence going beyond its legitimate effect would be to try the

issues separately. The case seems strictly analogous to that of *De Meli* v. *De Meli*, 120 N. Y. 485, 24 N. E. Rep. 996. There the action was by the wife for a separation, and a counterclaim by the husband for a divorce for adultery. As the law stood at the time of the trial of that action, the party charged could not testify in her own behalf to disprove the adultery. Yet the wife was allowed to testify in denial of the adultery, and the ruling of the trial court was upheld by the court of appeals on the ground that the testimony was competent, on the wife's own cause of action, to show that the charge against her was made maliciously. So here, if the defendant made the charges against his wife wantonly, it was cruel treatment, but, "if the husband had reason to suspect the wife of infidelity, it is neither cruel nor inhuman to charge her with it." *Kennedy* v. *Kennedy*, 73 N. Y. 369. The plaintiff, in support of her own case, had testified to these accusations made by her husband. It might well have been that the jury would acquit the wife of adultery, and then upon the defendant, in answer to the plaintiff's cause of action, would be cast the *onus* of showing that the charges were made by him on reasonable grounds. Upon this branch of the case he was a competent witness, and we do not see how he could defend himself, unless he was allowed to show both what occurred between himself and his wife, and also what information he had received from others. We therefore conclude that the testimony was properly received, and that no error was committed by the learned trial judge.

The judgment appealed from should be affirmed, with costs.