In the Matter of the Administration of the Estate of JAMES DENICK, Deceased.

MARY J. DENICK, Respondent; JARED W. DENICK and Others, Appellants.

*Divorce — if valid in another State, where it is obtained upon substituted service of process upon a citizen thereof, it is valid everywhere — effect of the imprisonment of the defendant in another State.*

While a person retains the relation of a citizen to a State he is subject to the laws of that State, which he cannot evade by a temporary or prolonged absence from the State, whether such absence is voluntary or the result of imprisonment in a foreign State.

A judgment of divorce rendered by the courts of a State against one of its citizens upon a substituted service of process, such as is authorized in the case of an absent defendant, is valid to effect a dissolution of the marriage contract, and is conclusive upon the parties in every other State although the defendant was not within the territorial jurisdiction of the court during the progress of the suit and did not appear therein.

APPEAL by Jared W. Denick and others from an order or decree of the Surrogate's Court of the county of Oswego, entered in said Surrogate's Court on the 7th day of May, 1895, appointing Mary J. Denick administratrix of the estate of James Denick, deceased.

*Piper & Rice,* for the appellants.

*Charles N. Bulger* and *C. F. Whitney,* for the respondent.

PER CURIAM:

James Denick, at the time of his death, resided in Oswego county, N. Y. He died March 3, 1895. After his death Jared W. Denick filed with the surrogate of Oswego county a petition praying for letters of administration upon the estate of the decedent, and a citation was served upon the respondent. · On the return of such citation the respondent filed with the surrogate a petition asking that, as his lawful widow, letters of administration upon the estate of the decedent be issued to her. Thereupon Augusta Terpening, Eugenia Mount, Jared W. Denick and Horatio S. Denick, who were the children of the decedent, filed an answer to the respondent's petition, in effect denying that she was the widow of the decedent, and alleging that she had a former husband living, from whom she had never been lawfully divorced, and that she was still the lawful wife of such former husband.

The issue thus raised was tried in the Surrogate's Court, and after hearing the testimony the court found that the respondent was married to Horace D. Guernsey, her former husband, in December, 1869, and lived with him until about April, 1881; that about February, 1881, the respondent and Guernsey moved to the State of Michigan and took up their residence there; that in April of that year Guernsey was arrested on an extradition warrant, taken to the State of New York, tried, convicted of burglary, sentenced to the State prison for three years, served his sentence, and when released returned to the State of Michigan, where he has since resided.

The surrogate also found that on March 13, 1882, the respondent instituted proceedings in one of the Circuit Courts of the State of Michigan against Guernsey to dissolve the marriage between them, and that such proceedings were duly had according to the laws and practice of the State of Michigan; that on August 25, 1882, a final decree of divorce was duly granted, absolutely dissolving the marriage between the respondent and Guernsey; that such decree of divorce had from that date been and still was in full force and effect; that it was legal and in accordance with the laws of the State of

Michigan, and that under the laws of that State the respondent had a right to remarry; that on September 4, 1894, the respondent and the decedent were duly married in the State of Michigan, and from that time until the decedent's death lived and cohabited together as husband and wife, and that such marriage was legal and valid under the laws of the State of Michigan.

Upon the facts thus found, as conclusions of law, the Surrogate's Court held that the decree of divorce granted the respondent was valid and in all respects legal, and that after August 25, 1882, the respondent had a legal right to remarry; that the marriage between the respondent and the decedent was valid under the laws of the State of Michigan and valid in this State; that the respondent was the lawful wife of the decedent at the time of his death, and, therefore, became his lawful widow and was first entitled to administer his estate.

In pursuance of and in accordance with this decision, an order was duly granted appointing the respondent administratrix of the estate of the decedent.

A careful examination of the evidence in this case shows that it was sufficient to sustain the findings of the learned surrogate, and, therefore, in determining the question presented, the facts as found must be regarded as established. The principal, and practically the only controversy between the parties is as to the validity of the divorce granted to the respondent. That the judgment of divorce is valid and binding upon the parties, if the court granting it had jurisdiction, is manifest and not denied by the appellants. So that the only question that need be determined upon this appeal is whether the court had jurisdiction to grant a judgment of divorce dissolving the marriage between the plaintiff and Horace D. Guernsey.

When this judgment was granted, the respondent and her former husband were both citizens and residents of the State of Michigan, although the husband was temporarily enduring a forced absence from the State. Under these circumstances, we are of the opinion that the courts of the State of Michigan had jurisdiction to dissolve the marriage between the parties in accordance with the laws of that State, even though the defendant was temporarily absent and was only constructively notified of the action against him. It seems

to be settled that where both of the parties to a marriage contract are *bona fide* citizens of and domiciled in any State, the courts of that State have power to divorce them, and such a divorce is valid, not only in the State where it is granted, but in every other, and that jurisdiction of the person of a defendant in an action for divorce may be acquired by a court of the State of which he is a domiciled citizen by such proceedings in the nature of service of process as the law of the State has made the equivalent of personal service within its jurisdiction. While a person retains the relation of a citizen of the State, he is subject to its laws, which he cannot avoid by a temporary or prolonged absence from the State. Therefore, a judgment of divorce rendered by the courts of a State against such citizen upon a substituted service of process, such as is authorized in the case of an absent defendant, is valid to effect a dissolution of the marriage contract, and is conclusive upon the defendant in every other State, although he was not within the territorial jurisdiction during the progress of the suit and did not appear therein. (Black on Judgments, § 926; *Hunt* v. *Hunt*, 72 N. Y. 217; *Rigney* v. *Rigney*, 127 id. 408, 413; *De Meli* v. *De Meli*, 120 id. 485, 495; *Kinnier* v. *Kinnier*, 45 id. 535.)

The cases cited by the appellants are clearly distinguishable from this. In those cases the general doctrine held is, that a judgment in one State cannot have the effect of binding a citizen of another without his consent, or fix upon him a status which is against his will and is in hostility to the laws of the State where he resides; and, hence, a court of one State cannot adjudge the dissolution of the marital relations of a citizen of another State who is domiciled and actually residing there during the pendency of the judicial proceedings in the former State, unless there is a voluntary appearance. The distinction between the class of cases last referred to and the case at bar is that in the latter both parties were citizens and residents of the State in which the divorce was granted, while in the former, one of the parties was a citizen of another State, so that the court neither had nor acquired any jurisdiction to affect his status or relations to the other party. We are of the opinion that the judgment of divorce obtained by the respondent was valid and dissolved the marital relations between herself and her former husband, and that the marriage between her and the decedent, which

took place in the State of Michigan, under the laws of which the divorce was granted, was also valid, and, being valid under the laws of the State of Michigan, it was valid in this State.

These considerations lead to the conclusion that the order appealed from was correct and should be affirmed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order affirmed, with costs payable out of the estate.