(53 Misc. Rep. 18)

### DRESSER v. MERCANTILE TRUST CO. et al.

(Supreme Court, Trial Term, Nassau County. February 9, 1907.)

VENUE—CHANGE OF PLACE OF TRIAL—RESIDENCE OF PLAINTIFF—EVIDENCE.

> Evidence on a motion to change the place of trial, on the ground that, at the commencement of the action, plaintiff was a resident of the county to which the change was sought, and not of the county in which the action was brought, held insufficient to sustain the contention.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 42.]

Action by Daniel Le Roy Dresser against the Mercantile Trust Company and others. Defendants move to change the place of trial. Denied.

Two motions are made by different defendants upon the same or like affidavits for an order directing the change of the place of trial of this action from Nassau county to New York county upon the ground that the plaintiff, Daniel Le Roy Dresser, was not at the time of the commencement of this action and is not now a resident of Nassau county, but that he was at that time and is now a resident of New York county. One of these motions is made by the defendants the Mercantile Trust Company and Krech, and the other by the defendants McCook, Alexander-Gulliver, and Deming.

Alexander & Colby (William F. Goldbeck, of counsel), for the motion of Mercantile Trust Company and Krech.

William C. Prime, for the motion of McCook and others.

Frank Sullivan Smith (Frederic W. Frost, of counsel), opposed.

SCUDDER, J. The defendants, in support of their motions, claim that plaintiff was a resident of the city and county of New York, and not a resident of the county of Nassau, at the date of the commencement of this action, November 26, 1906. To sustain their contention that plaintiff was a resident of New York City on that date, it was a matter of the first importance for defendants to offer some evidence that

plaintiff had or maintained at that time some establishment or dwelling place in that city. The only statements in reference thereto which are contained in the affidavits submitted in support of the motion are found in the affidavit of one Darroe. This deponent avers that he examined Trow's New York City Directory for several years, and that in said directory for 1903 the house address of the plaintiff was given at Oyster Bay, L. I.; in that of 1904, at 44 East Fiftieth street; and in that of 1905, and also that of 1906, at 30 Central Park South. The bare statement in the City Directory of 1906 that plaintiff's house address was at 30 Central Park South in no way tends to establish the fact that plaintiff had or maintained a place of abode at that address in November, 1906. The defendants could readily have ascertained the fact by inquiry at that address; but they do not seem to have done so, or, if they did, the result of the inquiry is not told in any affidavit which they have submitted.

The only other matter in defendants' affidavits which bears on the question of plaintiff's residence in New York City is the fact that the plaintiff, in a petition in bankruptcy proceedings to cancel a certain order of arrest, verified July 6, 1906, stated that "his permanent residence" was in the city of New York. The plaintiff in his affidavit states that the phraseology of the petition was prepared by his attorney; that he did not intend by the phrase above quoted, nor did his counsel intend thereby, nor did the opposing counsel understand that it was intended thereby to convey the idea that plaintiff had changed his domicile or legal resience from Oyster Bay to New York county, but only that plaintiff would remain within the county of New York and the jurisdiction of the bankruptcy court. This explanation is supported by the affidavit of plaintiff's attorney in the bankruptcy proceeding and the affidavit of the attorney who procured the order of arrest. Under these circumstances the phrase used in the petition cannot be regarded as conclusively establishing that the residence or domicile of the plaintiff was in the city of New York. From the affidavits submitted, there can be no question but that prior to the time when the plaintiff took an apartment in the city of New York, which appears to have been in July, 1903, plaintiff had established his legal residence or domicile at Oyster Bay, in Nassau county. The taking of an apartment in the city of New York, and the occupancy thereof by the plaintiff for about three years, would not of itself effect a change of his domicile, unless accompanied by an intention to abandon his domicile at Oyster Bay and to acquire another in New York. De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996, 17 Am. St. Rep. 652; Dupuy v. Wurtz, 53 N. Y. 556.

The plaintiff asserts in his affidavit that his domicile has continuously been at Oyster Bay, and that his occupancy of the apartment in New York was only intended to be temporary. This assertion is supported by averments of various declarations and sworn statements, which plaintiff made at various times during the period of his occupancy of the New York apartment, that he resided at Oyster Bay. It is also shown that plaintiff voted at Oyster Bay at the public elections in the years 1904 and 1906. It further appears that on or about October 1, 1906, before the commencement of this action, plaintiff surrendered his lease of the New York apartment and dismissed his servants, that the

furniture was removed to Oyster Bay, and that plaintiff was frequently in the village of Oyster Bay during October and November, 1906. It does not appear, however, from plaintiff's affidavit, where his place of abode in Oyster Bay, if any, was during these months. It is to be borne in mind that the burden of proof on this motion is on the defendants to establish satisfactorily that plaintiff had no residence in Nassau county at the time when this action was commenced. Bischoff v. Bischoff, 88 App. Div. 126, at page 127, 85 N. Y. Supp. 81.

Defendants claim that at that time the plaintiff actually resided in the county of New York. This claim is not supported by sufficient affidavits, and is refuted by plaintiff's affidavit that he abandoned his New York apartment on October 1, 1906. The question here presented is not whether the plaintiff had the choice of bringing the action in the county of his domicile, or in a county where he actually resided, or whether such choice would be permissible under section 984 of the Code of Civil Procedure. So far as the facts are disclosed by the affidavits, the plaintiff did not reside or have a place of abode in the city of New York when the action was commenced. At that time, however, he claimed and had a domicile in Nassau county, and it is not shown that he also had an actual residence or place of abode in any other county. Under these circumstances, plaintiff must be deemed to have resided in Nassau county, within the meaning of section 984 of the Code of Civil Procedure, when the action was commenced.

Motions denied, with costs.