WILLIAM B. VROOMAN, Plaintiff, *v.* EMMA I. VROOMAN, Defendant.

Supreme Court, Oneida County, October 11, 1944.

*Fred J. O'Donnell* for defendant.

*W. S. Eaton* for plaintiff.

SEARL, J. The motion is made in Oneida County by defendant, who is the wife of plaintiff, to change the place of trial from the county of Otsego to the county of Herkimer, on the grounds that when the action, which is for divorce, was commenced, neither party resided in Otsego County. (Civ. Prac. Act, § 182.)

Plaintiff is the owner of a trailer and submits a receipt, dated May 1, 1944, in payment of rent, " For trailer site at Baker's Point, Richfield Springs, Otsego Co., N. Y." Plaintiff is employed at Ilion, in Herkimer County, and returns to sleep in his trailer, which is blocked up on the rented site at Schuyler Lake. The wife claims the husband " resides " in the village of Ilion, as he moved his trailer there during the winter last past. She hands the court two envelopes addressed to her in her husband's handwriting, which indicate his return address as Ilion and Frankfort, in Herkimer County.

On the contrary, plaintiff's affidavit indicated " he has had no permanent home, except a trailer in which he has resided at different places from time to time." It further appears that plaintiff sleeps in the trailer and names its location as his voting residence.

Primarily residence is a matter of intention. No case is cited in this State by either litigant where the question of transitory residence in a trailer is considered. The section itself (Civ.

Prac. Act, § 182) contains the provision that: " A party having or maintaining a residence in more than one county shall be deemed a resident of either county." Even assuming, therefore, the correctness of the contention of the wife, to the effect that her husband has a residence in Herkimer County, still, if he actually sleeps in his trailer and votes from there, he must be also deemed a resident of Otsego County.

Where there is but slight evidence to contradict the positive statements of plaintiff that he resides in a particular county, the motion should be denied. (*Bischoff* v. *Bischoff*, 88 App. Div. 126; *Barnes* v. *Barnes*, 219 App. Div. 759; *Dresser* v. *Mercantile Trust Co.*, 53 Misc. 18, affd. 118 App. Div. 901.)

The use of trailers is increasing annually. Restricted housing conditions during the emergency have tended greatly to increase their use. When urged as a place of residence the good faith of the claimant cannot well be questioned, unless circumstances clearly indicate the same to be sham.

The motion is denied, without costs.