" Irene M. England ", Petitioner, *v.* " John England ", Respondent.

Domestic Relations Court of the City of New York, Family Court, Kings County, March 26, 1954.

*Reuben K. Davis* for petitioner.

*Viron K. Jones* for respondent.

PANKEN, J. A divorce decree obtained by the respondent in this case in the Thirteenth Judicial Circuit, Hillsborough County, Florida, is a determination or a public act of a sister State, and under section 1 of article 4 of the Constitution of the United States, full faith and credit is to be given to the decree. To accord full faith and credit to a decree issuing out of a court of competent jurisdiction of a sister State, that court must have jurisdiction of the subject matter and of the persons. Where a court fails to obtain proper jurisdiction and it is so established, section 1 of article 4 of the Constitution of the United States cannot be invoked in support of a decree entered by a court of a sister State. (*Williams* v. *North Carolina,* 325 U. S. 226; *Estin* v. *Estin,* 296 N. Y. 308, affd. 334 U. S. 541.)

A marriage between one who is a resident of the State of New York, and one who is in the United States on a transit visa, is valid. A valid marriage confers definite rights to the parties, as it does obligations flowing from one to the other. A person here on a transit visa who marries here is chargeable with the support of his spouse as his wife might be by virtue of the law as amended chargeable with the support of her spouse if he is or is likely to become a public charge and she is financially able to provide for him, or is or can be gainfully employed to so do. The obligations undertaken upon marriage by the parties to a marital relationship, while not entirely reciprocal, impose an obligation upon the wife under certain conditions to be answerable for the support of her spouse.

A proceeding by a person who is here on a transit visa may be instituted in this court to compel compliance with the law so that the responsibility placed upon the shoulders of one or the other is discharged. Nonsupport is ground for an action for separation as are assault, abuse, and other acts on the part of

either party the basis for suit for a separation from bed and board. The petitioner herein could bring suit in the Supreme Court for a separation, alimony and counsel fee, and an award for her support aganist the husband herein as she has proceeded on the petition in this court. She might also sue for divorce.

The problem here is whether a person on a transit visa can establish domicile to confer jurisdiction upon a court to sever a relationship created by marriage. In *Taubenfeld* v. *Taubenfeld* (276 App. Div. 873–874), the parties to a marriage not unlike the one considered herein, the court held, though the plaintiff in that case was in the United States and within the State of New York on a transit visa, on an appeal from Special Term dismissing the proceeding instituted by the plaintiff for a decree of divorce on the ground that the plaintiff had no domicile within the jurisdiction of the court, that she, the plaintiff therein " may maintain this action, even though she is not domiciled in this State, because it affirmatively appears that she was actually sojourning or dwelling here at the time the offense was committed and the action was commenced. * * * In any event, the mere fact that the plaintiff entered the United States on a transit visa does not establish as a matter of law that she may not acquire a domicile." Presiding Justice NOLAN concurred and added, " In my opinion the record before the court establishes prima facie that at the time of the commencement of the action plaintiff was a resident of the State of New York." In the *Taubenfeld* case, as already adverted to, the plaintiff was here on a transit visa as is the respondent here on a transit visa. The rule laid down in *Taubenfeld* v. *Taubenfeld* (*supra*) is that all that was necessary for a plaintiff to institute a proceeding for a decree of divorce was that she was a resident of the State of New York at the time of the commencement of her action and established a domicile here.

The facts in the instant case here are as follows: Petitioner and respondent were married on or about the 6th of September, 1952. That marriage I find as a matter of law was valid and in the absence of a valid decree of divorce would continue so to be. The parties lived together for only a few days at intervals up to October 5, 1952. A few days thereafter the respondent went to Florida and continued to reside in that State until June, 1953. While a resident in the State of Florida he commenced an action in that State against the petitioner herein for a decree of divorce to terminate the marital relationship; on the 11th day of May, 1953, a final decree was granted and entered in a court of com-

petent jurisdiction in the State of Florida severing the marital relationship between the parties and putting such relationship to an end. Residence or domicile within the State of Florida or any other State, insofar as I know, to contract a lawful marriage is not a prerequisite or the basis of the validity of a marriage.

This court has the power to make orders providing for the support and maintenance of spouses where the facts warrant such an order. As an incident to the jurisdiction conferred upon this court to provide for the support of a spouse, the court may inquire into the validity both of an alleged marriage or the validity of an alleged divorce decree which purports to sever the marital relationship.

This court cannot provide for the support of an ex-wife. Under subdivision 1 of section 92 of the Domestic Relations Court Act a husband is chargeable with the support of his wife. When she ceases to be his wife insofar as this court is concerned, it loses the right to provide for her. It is axiomatic that provision for an ex-wife may not be made in the Domestic Relations Court of the City of New York. There is abundant precedent for this finding. This court has so expressed itself. It is good law. The justices of the Domestic Relations Court of the City of New York may not expand the jurisdiction and the powers conferred upon them. The court being one of limited jurisdiction it is bound by the limits placed upon it by the State Legislature, which established this court pursuant to the provisions of the Constitution of the State of New York.

There is no clear-cut decision on the problem presented to me in this case. It would seem that a person who was here on a transit visa cannot establish a domicile, which would entitle him to institute a proceeding for a divorce in our courts. However, the Appellate Division of the Supreme Court in the Second Department, in the case of *Jacoubovitch* v. *Jacoubovitch* (279 App. Div. 1027), said, '' In this action for separation both parties are aliens and were permitted to enter this country on nonimmigrant visas in connection with defendant's employment in this State for the United Nations. They have lived in the County of Nassau. The appeal is from a judgment dismissing plaintiff's complaint on the ground that neither of the parties established domicile in this State.'' The Appellate Division reversed the judgment of the court below on the law and the facts. Mr. Justice WENZEL concurred with the finding of his confreres on the authority of *Taubenfeld* v. *Taubenfeld* (*supra*).

In the *Taubenfeld* case the Appellate Division said (276 App.

Div. 873–874, *supra*), "Although residence, as used in section 1147 of the Civil Practice Act, means domicile or permanent abode (*de Meli* v. *de Meli*, 120 N. Y. 485, 491; *Clapp* v. *Clapp*, 272 App. Div. 378), plaintiff may maintain this action ". Presiding Justice NOLAN concurring, said, "In my opinion the record before the court establishes prima facie that at the time of the commencement of the action plaintiff was a resident of the State of New York (Civ. Prac. Act, §§ 1147, 1166)".

Under the law of no State will a divorce decree issue, even though the court has competence, unless residence with the intent to permanently remain within the jurisdiction of the court is established.

In the *de Meli* case (120 N. Y. 485, 491), the Court of Appeals through Mr. Justice BRADLEY said, "The defendant was not without his domicile, and unless another was acquired by him elsewhere, he retained his domicile of origin. And to effect a change of it the fact and intent must concur.   *   *   *   In legal phraseology residence is synonomous with inhabitancy or domicile.   *   *   *   and persons having that relation to this state are its citizens and residents, and for the purposes of the relief like that in view of this action, they are subject to the jurisdiction of its courts."

Aside from the question of jurisdiction acquired by the Florida court on the basis of residence or domicile in that State by the plaintiff there is also the question of an appearance in said court by petitioner in the proceeding instituted there by the plaintiff to be determined. There is no doubt that she was apprised of the action commenced by her husband in the Florida court and so informed the court. But does her letter in evidence amount to an appearance by her? In *Weir* v. *Weir* (131 Misc. 13, 15), a note reading as follows:

> "'1201 Oak St.,
> Syracuse, N. Y.,
> Apr. 2, 1925.
>
> Martha —
> Why all this prattle about you wanting to obtain a divorce from me?
> Go ahead and get your divorce, I won't bother you.
>
> JIMMIE.'"

apparently was not considered by the Supreme Court of Onondaga County to constitute a notice of appearance. The facts in that case, however, clearly show that the defendant went to the State of Ohio for no other purpose but to obtain a decree of divorce and evidently did not change her abode, residence or domicile from the State of New York.

The facts in this case would indicate that there was a change of residence or domicile by the respondent from New York to the State of Florida and the court in that State by issuing a decree of divorce to the respondent found that it had jurisdiction both of the subject matter and the persons.

The respondent herein, it would appear, could maintain an action for an absolute divorce from the petitioner in the courts of the State of New York. Had he that right under the laws of the State of Florida? This court as well as the Supreme Court of the State of New York may inquire as to the validity of the divorce decree issuing out of a court of the State of Florida. If the respondent failed to establish residence within the State issuing the decree of divorce, or the decree of divorce was obtained by fraud, this court may find as a matter of fact that no valid decree of divorce issued. In the absence of testimony establishing fraud or nonresidence by a plaintiff who obtained a decree of divorce in a sister State, under subdivision 1 of section 4 of the Constitution of the United States, the decree of divorce must be given full faith and credit.

This court cannot assume that the decree of divorce issuing out of a court of competent jurisdiction in the State of Florida was so issued in the absence of testimony establishing residence within that State by the respondent herein and the plaintiff in the proceeding in the State of Florida.

What does constitute residence in the State of Florida? In the case of *Warren* v. *Warren* (75 So. 35 [Fla.]) the Supreme Court of the State of Florida said (p. 40): "We think that the word ' citizen ' in this connection means one who having come from another state or country has acquired a permanent residence in this state by actually living in this state with the intention of permanently remaining here ". The concluding paragraph in *Warren* v. *Warren* (*supra,* p. 47) reads in part, " under the Miller and subsequent cases, requires one of the parties to be ' actually, legally and bona fide domiciled in this state as a citizen thereof,' or to be ' a bona fide resident and citizen of this state.' These latter requirements are not satisfied by the legal fiction of a mere ' domicile ' ". It would appear from *Warren* v. *Warren* (*supra*) that to acquire domicile or residence within the State of Florida one must actually be resident in the State with the intention of permanently remaining there.

In *Ogden* v. *Ogden* (159 Fla. 604), the court said (p. 609), " the best proof of one's domicile is where he says it is." That leaves a great deal to imagination, but *Warren* v. *Warren*

(*supra*) is quite explicit that intent to establish residence or domicile is a fact to be taken into consideration as to whether or not one has established a domicile.

Anomalies occur in the law. It would seem incongruous that persons may enter upon a valid marital relationship; yet, in spite of the rights that the relationship confers upon both to that relationship, it is claimed a divorce decree may not be granted because a party to the marriage was in the jurisdiction of the court on a transit visa issued by the United States Government. If the marriage had taken place it might have been induced by fraud. One of the parties may forsooth be innocent, incapable of entering into a valid marriage, or fraud might be practiced to induce the marriage. If a divorce action is not maintainable because the party suing here is on a transit visa, it would seem that no proceeding for an annulment would be entertained. That appears anomalous. As already said, marriage confers obligations and it also confers rights, and these rights cannot possibly be limited to one of the parties; they must be enjoyed equally by both of the parties. If the citizen may sue for divorce from a person who is here on a transit visa, it would be discriminatory against such person if he were denied equal opportunities and protection of the law, and the right to enjoy the same rights.

On all the facts and evidence in the case and the exhibits in evidence, the petition is dismissed.