Nicholas M. Pette, J.
This is an action for separation on the ground of defendant’s alleged cruel and inhuman treatment of the plaintiff; his neglect and refusal to provide for the plaintiff, and his abandonment of her.
The complaint alleges that the parties were married in New Jersey on May 29, 1948; that there is one child, issue of the marriage; that plaintiff is a resident of New Jersey, and that the defendant, for more than one year preceding the commencement of the action, has been and still is a resident of the State of New York. The summons in this action was served on April 25, 1959.
The defendant interposed an answer denying generally the allegations of the complaint, and as a first separate, distinct and affirmative defense asserts that this court lacks jurisdiction of the subject matter of the action on the ground that plaintiff and defendant were married without the State of New York; that the plaintiff was not a resident of this State when this action was commenced, and that the defendant, was not and has not been a resident of this State for at least one year continuously at any time prior to the commencement of this action.
This action was tried before me on the 14th and 15th days of December, 1959. After hearing the testimony of the plaintiff and the witnesses called in her behalf and the introduction of documentary evidence, plaintiff rested and defendant then moved to dismiss the complaint on the ground that plaintiff has failed to make out a prima facie case pursuant to the requirements of section 1165-a of the Civil Practice Act. The court *34 reserved decision on the motion. The defendant then called one witness and rested, and then renewed the motion to dismiss the complaint, and the court reserved decision thereon.
From all the testimony and proof adduced before.the court, there is no doubt in this court’s mind that the defendant was not a resident of the State of New York for at least one year continuously preceding the commencement of this action. The evidence disclosed that the parties were married in the State of New Jersey; that on April 25, 1959 and at the time of this trial, the plaintiff was and still is a resident of the State of New Jersey, and that the State of New Jersey is the domicile of the parties herein.
It further appears, from the evidence introduced by the plaintiff, that in the 1958 income tax withholding statements of the defendant’s employer, the defendant’s residence is stated to be 16 — 47th Street, "Weehawken, New Jersey, where plaintiff also resides. The same residence address is given on the income tax withholding statements for years prior to 1958, all of which were introduced in evidence by the plaintiff.
The plaintiff has not disputed, but in fact testified that the defendant receives his mail in New Jersey; that his automobile is registered in New Jersey, and that his license to operate the automobile is a New Jersey license.
There is nothing in the record before the court to establish that defendant’s domicile is other than the State of New Jersey, or that defendant intended to change that domicile. The defendant is an aviator employed by Trans Caribbean Airways, Inc., and of necessity when his employment required it, he has temporarily resided at different places throughout the country. The fact that on or about March 1, 1959 he took an apartment in Jackson Heights does not militate against the defendant’s contention that his domicile is in the State of New Jersey and that he was not a resident of the State of New York continuously for at least one year prior to the commencement of this action on April 25,1959.
Without further reviewing the testimony and evidence adduced upon this trial, this court is satisfied, and finds that the parties were married in the State of New Jersey on May 29, 1948 and have one child, the issue of the marriage; that the plaintiff is domiciled and resides at 16 — 47th Street, Weehawken, New Jersey, and at the commencement of this action and prior thereto, she was and still is domiciled in and a resident of the State of New Jersey; that the defendant since his marriage was domiciled in and a resident of the State of New Jersey; and that he was not a resident of the State of New York *35 for at least one year continuously prior to April 25, 1959, the date of the commencement of this action.
In order to maintain this action for separation, the plaintiff must comply with the requirements of section 1165-a of the Civil Practice Act, which so far as applicable here states: “ An action * * * for separation may be maintained in either of the following cases: * * * 3. Where the parties were married without the state, and either the plaintiff or the defendant is a resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action.”
“ Residence ” as used in this section does not mean mere physical presence but is synonymous with “ domicile ”. (Pignatelli v. Pignatelli, 169 Misc. 534; Finizio v. Finizio, 124 N. Y. S. 2d 121 [Sup. Ct., Kings County].) And “ residence ” means the place of permanent abode, (de Meli v. de Meli, 120 N. Y. 485; Ensign v. Ensign, 54 Misc. 289, 291, affd. 120 App. Div. 882.)
The party asserting change of domicile has the burden of proving the same. The plaintiff in the case at bar has failed to meet this burden. There must be a union of residence and intention in order to acquire a new domicile. Residence without intention, or intention without residence is of no avail. Mere change of residence, although continued for a long time, does not effect a change of domicile, while a change of residence even for a short time with the intention in good faith to change the domicile, has that effect. (Matter of Newcomb, 192 N. Y. 238; Clapp v. Clapp, 272 App. Div. 378; Mitchell v. United States, 21 Wall. [88 U. S.] 350.)
The plaintiff has failed to prove any intent on the part of the defendant to change his domicile, and such intent must be firmly established, (de Meli v. de Meli, supra; Matter of Newcomb, supra; Matter of James, 221 N. Y. 242.)
Accordingly, the defendant’s motions to dismiss the complaint herein upon the ground that this court is without jurisdiction over the subject matter of the action, is granted. And since the court lacks jurisdiction it cannot pass upon the other phases of the plaintiff’s case.
The foregoing constitute the court’s findings of fact and conclusions of law upon the question of jurisdiction, and is the court’s decision pursuant to section 440 of the Civil Practice Act.
Submit order and judgment dismissing the complaint for want of jurisdiction.