(3 Misc. Rep. 200.)
## MACKENZIE et al. v. MACKENZIE et al.

(Supreme Court, Special Term, New York County. April, 1893.)

DOMICILE—EVIDENCE—SUMMER RESIDENCE.

 Testator lived during the winter in Jersey City, but spent the balance of the year at G., in New York. He had voted at G. for a number of years, was school trustee and postmaster there, and claimed exemption from jury service in New Jersey on the ground that he was a resident of G. *Held*, that testator's domicile was in New York, though he described himself in his will, and in a deed of trust executed a few years before his death, as a resident of Jersey City.

Action by Alexander Mackenzie, Hugh R. Mackenzie, Charles Elkin, and Peter Alexander, as executors and trustees, etc., against Alexander Mackenzie, individually and as trustee, and others.

Edward Russell, for plaintiffs.

William E. C. Mayer and Josiah T. Marean, for defendant Easton.

LAWRENCE, J. On the 1st day of March, 1887, George R. Mackenzie executed and delivered to the defendants Alexander Mackenzie, Hugh R. Mackenzie, Charles Elkin, Peter Alexander, and Robert T. B. Easton a deed of trust, in and by which he gave, granted, sold, transferred, and set over to said grantees the sum of $500,000, consisting of railroad bonds, bonds and mortgages, promissory notes, and cash, which were more particularly described in a schedule annexed to the deed. Such transfer was made upon trust to collect and receive the rents, income, and profits arising from said personal property, and, after deducting all the necessary expenses and charges, to divide the same into ten equal parts, and pay one of such parts to each of the children of the grantor who were in said deed specifically named, during their natural lives, such division and payment to be made to them as well as to their issue, representatives, or survivors, hereinafter mentioned, semiannually, and at such times as the majority of the grantees might deem most conducive to the performance of the trust. It was further provided in the said deed that in case of the death of any of the above-mentioned children, leaving lawful issue him or her surviving, the trustees should dispose of the share of the interest in the common profits aforesaid of the child so dying in such manner, as such child may, by last will and testament, have directed, but, in the event of such child leaving no will, to pay to the issue of such child the share or portion of the interest, income, and profits of such deceased child. The deed then provides that on the death of the last survivor of the said ten children the trustees shall divide the property then in their hands into as many shares as there were children who died, leaving lawful issue them surviving, at the time of such division, to set aside one share for each of said children so dying, and to dispose of the share so set apart among the issue of any such child in such manner as such child shall have directed by last will and testament, or, if such child shall have died intestate, to pay the same to his or her children or next of kin. After the execution and delivery of this deed, George R. Mackenzie, while tem-

porarily absent from this country, made his last will and testament at the city of London, England, dated July 28th, 1887, the sixth clause of which is as follows:

"Sixth. I give and bequeath the sum of five hundred thousand dollars unto my sons Alexander Mackenzie and Hugh R. Mackenzie, my sons-in-law Charles Elkin and Peter Alexander and Robert T. B. Easton, and their successors, as trustees, under and by virtue of a certain instrument of trust executed by me and said trustees at Jersey City, in the state of New Jersey, on the 1st day of March, 1887; the said sum of five hundred thousand dollars to be received by said trustees and their successors as trustees as aforesaid, and by them added to and become a part of the trust fund or estate created by said trust instrument, and subject to all the terms and conditions thereof, to the same extent as if the said amount hereby devised and bequeathed had been added to and made part of said trust fund or estate at the time the same was created."

It will be observed that in the trust deed and in the will George R. Mackenzie describes himself as of Jersey City, in the state of New Jersey. George R. Mackenzie died at Jersey City on the 6th day of January, 1892, leaving numerous heirs at law and next of kin, who are the defendants in this action. It is claimed by the plaintiffs, who are his executors, that the decedent was a resident of Sullivan county, in this state, at the time of the execution of the will, and at the time of his death. The will was admitted to probate by the surrogate of Sullivan county, in this state, on the 16th day of March, 1892, as a will of real and personal estate, and letters testamentary were issued to the plaintiffs, as his executors. The $500,000 bequeathed by the sixth paragraph of the will has come into the plaintiffs' hands, and this action is for the purpose of obtaining a judicial construction of the will respecting that sum; it being claimed by the plaintiffs that under the laws of this state the bequest is invalid, inasmuch as the absolute ownership of the $500,000 is suspended for more than two lives in being at the time of the death of the testator.

By the terms of the trust, relating to the $500,000 conveyed and set apart for the children of George R. Mackenzie, the ultimate division of the fund is not to take effect until the death of the last of the ten children therein named. This would be fatal, in this state, to the trust, as an illegal suspension of the power of alienation; but the evidence shows that such a trust is valid under the laws of New Jersey. It is claimed by the plaintiffs that, as George R. Mackenzie's domicile at the time of his death was in this state, his will, as to his personal property, must be construed according to the law of this state. The defendants claim that under the evidence, which shows that the testator had two residences, it ought to be found, as matter of fact, that he resided in Jersey City, and that, even though it should be assumed that the testator's domicile was in New York, the bequest must be sustained, because the bequest was to be added to a trust fund which was valid under the laws of New Jersey. I think that, on the evidence, there can be no doubt that the testator's domicile was in the state of New York. Glen Spey, the place which he had selected in Sullivan county for his residence, during the greater portion of the year, was regarded by him as his domicile or permanent home. He had for years

voted in that county. As late as the 12th of May, 1890, he had sworn, in applying to be excused from serving as a juror in New Jersey, that he was, and for 15 years last past had been, a resident of Glen Spey, Sullivan county, in the state of New York. It was his custom to go to Jersey City after the fall election in November, and to take his family out again in the spring as soon as the weather would permit. He took his library there, and the house was fitted for winter as well as summer occupation. Furthermore, the testator was elected and served as a school trustee, and was also the postmaster, at Glen Spey. The mere fact that the testator is described in the will and in the deed of trust as of Jersey City, and that he spent his winters at that place, cannot overcome these facts, and I must therefore hold that the decedent was a resident of this state. If the domicile of the testator was in the state of New York at the time of his death, any disposition of his property in his will which was in contravention of the laws of this state is, of course, invalid. The latest case upon this subject is that of Cross v. Trust Co., 131 N. Y. 332, 30 N. E. Rep. 125, in which the doctrine was reaffirmed that personal property is subject to the law of the owner's domicile, both in respect to a disposition of it by acts inter vivos, and to its transmission by will or by succession upon the owner dying intestate. In that case the court held, where a resident of Rhode Island had created a trust in personal property, to be administered in this state, which trust was in contravention of the statute of this state against perpetuities, that the validity of the trust was to be determined by the laws of Rhode Island, and, it being valid under those laws, an action was not maintainable here to have it declared invalid. Applying the principles reasserted in that case to the case at bar, it seems clear that the sixth clause of the will of George R. Mackenzie, whose domicile was in this state, must be declared to be invalid, inasmuch as the absolute power of alienation is thereby suspended for more than two lives in being at the time of the testator's death. Judgment accordingly. Settle findings on two days' notice.