---

(28 Misc. Rep. 369.)

### In re CLEVELAND'S WILL.

(Surrogate's Court, New York County. July, 1899.)

1. WILLS—RESIDENCE OR DOMICILE.
 Testatrix, with her husband, both citizens of the state, went to Europe in 1865, and remained there until his death, in 1878, when she returned, and qualified as executrix of his will, taking the usual oath that she was a resident of the state. She returned to Europe in 1879, and remained there until her death, in 1897, living in France, except when traveling about Europe. No evidence otherwise showed an intention to give up her residence and domicile in this state, and she described herself in her will as of the city of New York. It was executed in France, but according to the laws of this state. *Held,* that she had not relinquished her residence and domicile in this state, and that the court had jurisdiction of her will.

2. SAME—UNDUE INFLUENCE.
 Where a testatrix selected as her beneficiary a person not related to her, instead of blood relatives, and it does not appear that the bequest was not influenced by gratitude, affection, or esteem, or that her faculties were so impaired as to subject her to the influence of force or fraud, or that she was thus subjected, the will cannot be set aside on the ground of undue influence.

Proceeding on the probate of the will of Maria Elizabeth Cleveland, deceased. Probate decreed.

Turner, McClure & Rolston, for proponent.
Augustus C. Brown, for contestants.

VARNUM, S. This case, tried before Mr. Surrogate ARNOLD, but left undecided by him, has been reargued before and submitted to me for decision. The testatrix died at Nice, in France, March 2,

1897, at the age of 75 years, leaving a will dated and executed October 19, 1896, which was drawn by an American lawyer in accordance with the laws of the state of New York, and executed as required by the laws of said state. By the terms of said will testatrix gives certain jewels and laces to her sister; all of her furniture, objects of bijouterie and virtu, to one William Lucien Scaife, of Pittsburg, Pa.; legacies aggregating $3,000 to two faithful servants; and then, by the sixth clause of the will, directs that the residue. of her property, real, personal, and mixed, be converted into cash, and, after payment of all debts, be invested and held in trust, and the net income therefrom paid to "my beloved friend, Marvin F. Scaife, of Pittsburg (who at the risk of his own life saved me from accidental drowning)," during his natural life, and at his death that the principal go to his children, if any; with a further provision that, in case said Scaife should leave no children, the principal should go, upon his death, partly to his widow, if any, and the balance to the board of relief for disabled ministers and the widows and orphans of deceased ministers of the Presbyterian Church, located in Philadelphia, Pa.; and that, in the event of the death of said Scaife before the testatrix, without leaving widow or children him surviving, the whole principal of said trust fund should go to the said board of relief. Application for probate of said will having been made to this court, the same is contested by the only sister and a niece and two nephews of the decedent, her heirs at law and next of kin, upon the ground of undue influence exerted by Marvin F. Scaife or others, and also upon the ground that this court has no jurisdiction to admit said will to probate, as the testatrix was not a resident of this state, but of France, and said will was not executed in accordance with the laws of France; and, furthermore, that, in any event, it can be admitted only as a will of personal property. It seems to be conceded that the property of the decedent was all personalty. The contestants claim that Mrs. Cleveland was domiciled in Paris, France, and that in such case there is no provision in the laws of this state authorizing the admission to probate here of a will of personal property executed in France in accordance with the laws of this state, but not according to the laws of France,—citing the provisions of the Revised Statutes; Act 1830, c. 320; Laws 1880, c. 245; Laws 1876, c. 118; Code Civ. Proc. §§ 2611, 2694; Laws 1893, c. 686; Parsons v. Lyman, 20 N. Y. 103, 112; Cross v. Trust Co., 131 N. Y. 332, 30 N. E. 125; Moultrie v. Hunt, 23 N. Y. 394; Isham v. Gibbons, 1 Bradf. Sur. 69, 73; also distinguishing In re Seabra's Will, 18 N. Y. Wkly. Dig. 428; In re McMulkin's Estate, 5 Dem. Sur. 295; and, as to requirements of the laws of France, section 969, French Civ. Code, etc. The contestants also claim that, in any event, the trust clauses of the will are void under the French law, and that the amounts so attempted to be disposed of in trust must be distributed to the next of kin in accordance with the intestate laws of France; citing section 896, French Civ. Code. The brief of the learned counsel for the contestants is an able and exhaustive one, and I have made special reference to the main points therein, and to the citations made, because some of the ques-

tions raised are important, and may be of interest to the bar at large. In the case under consideration, however, I am satisfied, after careful consideration of the evidence and examination of the briefs of counsel, that the objections in question are not well taken, for I find that the testatrix, although at the time of her death and for many years prior thereto sojourning abroad, had not intentionally relinquished her residence and domicile in this state, and that, therefore, this court has jurisdiction on that ground to admit the will to probate. The terms "residence" and "domicile" have been held to be synonymous. De Meli v. De Meli, 120 N. Y. 491, 24 N. E. 996; People v. Platt, 117 N. Y. 167, 22 N. E. 937. To effect a change of domicile for the purpose of succession, there must be not only a change of residence, but an intention to abandon the former domicile, and acquire another as the sole domicile. Domicile of origin is presumed to continue until a new one is acquired. Residence alone has no effect per se, except as a ground from which to infer intention. Length of residence will not alone effect the change. Intention alone will not do it, but the two must be concurrent to constitute a change of domicile. The intention may be gathered both from acts and declarations. Acts are the most important, and written declarations usually more reliable than oral ones. Dupuy v. Wurtz, 53 N. Y. 556. See, also, Cruger v. Phelps, 21 Misc. Rep. 252, 47 N. Y. Supp. 61. The facts in this case appear to be that the testatrix, with her husband, both citizens of the United States and of the state of New York, went to Europe in 1865, and remained there until her husband's death, in March, 1878, living most of the time in Switzerland and France. She returned to New York in the autumn of 1878, to attend the probate of her husband's will, and settle his affairs, and duly qualified as his executrix December 16, 1878, taking the usual oath that she was a resident of New York. She returned to Europe in October or November, 1879, and remained there continuously until her death, in March, 1897, occupying an apartment in Paris, and during part of the time an apartment at Baden Baden, both furnished by herself, but also spending a considerable part of the time in traveling about Europe. It is clear, from the evidence, that the testatrix preferred living abroad after her husband's death for many reasons of habit, personal comfort, and health, but I find nothing to satisfy me that she had any intention of giving up her residence and domicile in New York, even though she thought it probable that she might never return there to live, because of her increasing age and ill health, and for other reasons given in her own letters in evidence, such as her dread of seasickness, the death of so many of her former acquaintances and friends, etc. Her associations abroad seem to have been chiefly with Americans. Whenever she changed her will she consulted a New York lawyer; and when the last will was executed, in October, 1896, she went, of her own volition, to the American consulate at Paris, and executed it in the presence of the consul general, and with two American attachés of his office and another American as subscribing witnesses. In the will so signed by her she is described as of the city of New York, and, while this recital

is, of course, not conclusive (Mackenzie v. Mackenzie, 3 Misc. Rep. 200, 23 N. Y. Supp. 270), it could hardly have escaped her notice if she had formed a deliberate intent of legally changing her domicile. In addition, she names in her will a New York trust company as executor.

The only question remaining is as to whether there was any undue influence exerted upon her to secure the execution of the will in question. Where a will is contrary to the dictates of natural affection, of justice, and of duty, the burden is on the proponents of giving some reasonable explanation of its unnatural character, or, at least, that it was not the result of mental defect, obliquity, or perversion. In re Budlong, 54 Hun, 132, 138, 7 N. Y. Supp. 289. In the case under consideration, the testatrix has not selected as the chief beneficiaries under her will her nearest blood relatives, but the principal object of her bounty is a young man, who is not in any way related to her; but there is nothing in the evidence to satisfy me that the bequest to him was not made from the influence of gratitude, affection, or esteem, rather than from any influence exercised through coercion, imposition, or fraud such as constitutes undue influence. Seguine v. Seguine, *42 N. Y. 669. Nor is there, in my judgment, sufficient evidence to sustain the contention that the testatrix had her faculties so impaired as to be readily subject to any controlling influence of hypnotism, force, imposition, or fraud, or that any such influence was actually exerted in connection with her execution of the will. Her will may not be such as some of us would consider wise, and in accordance with the claims of her nearest relatives, but the principle is well settled that, in the absence of clear proof of incapacity, fraud, or undue influence, it is a testator's privilege to do as he will with his own. Clapp v. Fullerton, 34 N. Y. 197. Submit decree admitting will to probate.

Probate decreed.