O’Brien, J.
It is conceded upon this application that if the defendant Henry S. Ives was not at the time of the commencement of this action a resident of the city of Hew York, within the meaning of section 984 of the Code of Civil Procedure, that the place of trial must be changed to Kings county. The question to be determined, therefore, is what is meant by the term “residence, ” as used in this section. It must be noted that a distinction is taken by text writers and the authorities between actual and legal residence; the latter being generally equivalent to a domicile. A legal residence or domicile is defined to be a residence at a particular place, accompanied with positive or presumptive proof of an intention to remain there for an unlimited time. To constitute a domicile, two things must concur: First, residence; secondly, the intention to remain there. Domicile, therefore, or legal residence, means more than residence. A man may be a resident of a particular locality without having his domicile there. He can have but one domicile at one and the same time, at least for the same purpose, although he may have several residences. According to the most approved writers and lexicographers, “residence” is defined to be “a place of abode; a dwelling; a habitation; the act of abiding or dwelling in a place for some continuance of time.” notwithstanding these definitions, it is extremely difficult to say what is meant by the word “residence,” as used in particular statutes, or to laydown any particular rules on the subject. All the authorities agree that each case must be decided on its own particular circumstances, and that general definitions are calculated to perplex and mislead. It is apparent that the word “residence,” like that of “domicile,” is often used to express different meanings, according to the subject-matter. In statutes relating to taxation, settlements, right of suffrage, and qualifications for office, it may have a very different construction from that which belongs to it in statutes relating to attachments. In the latter, actual residence is contemplated, as distinguished from legal residence. And while on the one hand casual or temporary sojourning of a person in this state, whether on business or pleasure, does not make him a resident of this state, within the meaning of the attachment laws, especially if his personal domicile be elsewhere, so, on the other hand, it is not essential that he should come into this state with the intention to remain here permanently to constitute him a resident. Long v. Ryan, 30 Grat. 718; Jac. Dom. § 73. “A person may have his residence in one place, and his *896 domicile in another. Again, while he can have but one domicile, he may have two or more residences, and on the other hand he may be without an actual residence, although he cannot be without a domicile.” Id. “Besidenceimplies an established abode, fixed permanently for a time, for business or' other purposes, although there may be an intent in the future at some time1 or another to return to the orginal domicile.” Morgan v. Nunes, 54 Miss. 308. “‘Besidence’ is the favorite term employed in statutes to express the-connection between person and place; its exact significance being left to construction, to be determined from the context, and the apparent object sought-to be attained. * * * «Besidence, ’ when used in statutes relating to the-subject of voting and eligibility to office, jurisdiction in divorce, probate, and. administration, etc., is in nearly every case synonymous with •domicile.’ In; statutes relating to personal taxes, the distinction between ‘residence and ‘ domicile ’ is made. ” Bell v. Pierce, 51 N. Y. 17. In the well-considered ease-of People v. Platt, ante, 367, to test the title to office, and wherein all the cases-showing the distinction between residence and domicile are collated, it was-held that the word “residence,” as used in the laws of New York, (Laws-N. Y. 1863, c. 358,) meant “ domicile.” In that case, however, Justice-Learned said: “The meaning of the words ‘reside’ and ‘residence’ and ‘domicile,’ when applied to proceedings by attachment and the like against, non-resident debtors, presents a different question.” Again he says: “It is-owing to the different meanings in which the word ‘residence’ is used that,, while some cases may be found in which ‘ residence ’ and ‘ domicile ’ are said to be synonymous, others may be found where they are contrasted;” and comments upon the language of Lord Westbury in Bell v. Kennedy, L. R. 1 H. L. Sc. 320, where he says that “residence and domicile are two perfectly distinct things.”
Without, therefore, referring to all the cases cited in that opinion, and so ably commented upon, it is sufficient to say that in many cases the two words “residence” and “domicile” are not synonymous. In Bell v. Pierce, 51 N. Y. 17, Judge Hunt says: - “To establish a residence requires a less permanent abode than to give a domicile, or even to create an inliabitance.” This latter case was one relating to the imposition of a tax on personal property, and, although it was conceded that the domicile of the person taxed was in one place, he was yet taxed as a resident in another. The case of Stacom v. Moon, 13 Wkly. Dig. 348, was one in which the distinction between “residence” and “domicile” was applied upon a motion to change the place of trial of an action. The' general term of this department in that case decided that the place of trial should be changed from New York to Saratoga county, upon the ground that plaintiff had a residence at Saratoga from May to September, although during the rest of the year she resided elsewhere. In the case of Lyon v. Lyon, 30 Hun, 455, it was held that the place of trial is to be determined by the residence, and not the domicile, of the parties. Justice Pratt, in delivering the opinion, says. “The cases make a distinction between residence and domicile. The domicile of a person may be in one place, and his residence in another. The section of the Code referred to [section 984] makes the residence of the parties the controlling fact in fixing the place of trial. This means actual residence, and not necessarily the domicile of one of the parties. ” In the case of Weitkamp v. Loehr, 53 N. Y. Super. Ct. 79, the distinction between the words “residence” and “domicile,” as applied to the attaching powers, is defined. It is in that case said: “Besidence in attachment laws generally implies an established abode, fixed permanently for a time, for business or other purposes, although there may be an intent existing all the while to return to the true domicile.” While, therefore, the words “domicile” and “residence” may be synonymous, and used in statutes relating to subjects of voting and eligibility to office, taxation, jurisdiction in divorce, probate, and administration, the distinction between them is to be oh- *897 served with reference to questions under the Code relating to attachments, or affecting the rights of parties as to the place of trial of an action.
Having concluded, therefore, that, upon the construction of section 984 of the Code, the distinction is to be observed between “residence” and “domicile,” it only remains to be determined whether the defendant was a “resident” of the city of Hew York within the meaning of that term as deüned by the authorities cited. It may well be therefore that the domicile or legal residence of the defendant Ives was, at the commencement of this action, in Kings county; but if, on the facts as shown upon this motion, he was a resident of the city of Hew York, he is not entitled to have the place of trial changed. The affidavits show that the defendant Ives is a young, unmarried man, about 25 years of age, and that prior to December, 1888, he lived at the residence of his sister, at Ho. 136 Joralemon street, Brooklyn. On December 8, 1888, the Brooklyn house having been sold, and possession given to the purchaser, he took a lease of apartments in the “Aurelia,” a bachelor apartment house at Ho. 281 Fifth avenue, in the city of Hew York, for one year and five months, for which he agreed to pay an annual rent of $1,650. The lease contains a covenant on the part of Ives not to assign the lease or underlet the premises, or any part thereof, “and that he will not use, or permit to be used, the said premises, nor any part thereof, for any purpose other than that of a private dwelling apartment for himself only.” From the time of renting these apartments up to the time of the commencement of this action there can be no doubt that this was his only place of abode, for, while it may be true that in he may have spent many nights at the house of the co-defendant, Stayner, in Brooklyn, his sojourn there was merely that of a guest, and his presence in that family was by reason of the invitation extended to him from time to time. Both he and his servant were occupants of the “Aurelia.” He had a daily newspaper delivered there. His letters were delivyed there, and his washing was done by a laundress, who took his clothes to and from that house. His physician visited him there. He slept there, though perhaps not regularly. Breakfast occasionally was served to him there, and there many of his friends visited him. Although, therefore, he may have voted at the last election in the city of Brooklyn, and arranged to occupy rooms at the club at some time at or after the commencement of this action, and while the facts presented in his behalf might be conclusive upon the question that he had not lost his domicile in Kings county, théy are not inconsistent with his having secured a residence in the city of Hew York before and at the time this action was commenced. Having concluded, on the facts, that he had acquired a residence in Hew York city, within the meaning of section 984 of the Code, I am of the opinion that #iis motion to change the place of trial from Hew York to Kings county should be denied.