FRANKLIN J. BISCHOFF, Respondent, *v.* HENRY BISCHOFF, Appellant.

*Change of venue — two or more residences as distinguished from a domicile.*

A person may have two or more residences as distinguished from a domicile.

If the plaintiff in an action has at the time of the commencement thereof an actual residence or a domicile in the county in which the venue is laid, the action is properly brought in that county, although the plaintiff may also have a residence elsewhere.

APPEAL by the defendant, Henry Bischoff, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 3d day of September, 1903, denying the defendant's motion to change the place of trial of the action from the county of Westchester to the county of New York.

*John A. Straley*, for the appellant.

*Thomas J. Keigharn*, for the respondent.

Order denying motion to change venue affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice COCHRANE at Special Term.

GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

The following is the opinion of Mr. Justice COCHRANE delivered at Special Term:

COCHRANE, J.:

The question for determination on this motion is not whether the plaintiff has a residence in New York county, but whether he has a residence in Westchester county. A person may have two or more residences as distinguished from a domicile, and if the plaintiff at the time of the commencement of this action had either an actual residence or a domicile in Westchester county, the action is properly brought in that county, although the plaintiff may also have had a residence elsewhere. (*Cincinnati, Hamilton & Dayton R. R. Co.* v. *Ives*, 21 N. Y. St. Repr. 67; *Lyon* v. *Lyon*, 30 Hun, 455.)

The plaintiff swears unqualifiedly that his residence is in Harrison, Westchester county, and that he has been there since November, 1902, except that for a month or two he has been going by the advice of a physician to Bath Beach or Sheepshead Bay, Kings county, but that his sojourn there is temporary. The burden of proof on this motion is on the defendant to establish satisfactorily that plaintiff has no residence in Westchester county. The moving papers do not contain any suggestion of where, within the county of New York, the plaintiff has a residence, nor do they set forth any facts or circumstances tending to indicate in the slightest degree any residence at any place within that county. They consist largely of hearsay statements and conclusions or opinions of the affiants. Practically the only legal evidence of a residence by plaintiff in New York county is proof of his own admission to that effect made several years ago in a proceeding to have him declared incompetent to manage himself and his affairs, and a similar admission made in March, 1902, in a proceeding relating to the same matter.

But subsequently in proceedings relating to the same matter he also testified that his residence was in Westchester county, and as above indicated the two statements are not necessarily inconsistent with each other. Even if it be conceded that he had no residence in Westchester county in the early part of 1902, and prior thereto, nevertheless, he might very easily have a residence there in 1903 when this action was commenced. For a number of years, and until March, 1903, there was a committee of the person and estate of the plaintiff. It does not appear for how long a period the plaintiff was confined in an asylum, but such committee had the legal custody and control of his person, and there is some difficulty in reaching a conclusion as to whether under such circumstances the plaintiff could acquire or lose a residence. The committee was discharged in March, 1903, and from that time, presumptively at least, the plaintiff has been at liberty to select his own residence. The question of residence is very largely one of intention. There is very little in the moving papers of an evidentiary character which militates against the positive statement of the plaintiff that he resides in Westchester county and that he has been there since 1902. I accordingly reach the conclusion that this motion must be denied.

SECOND DEPARTMENT, NOVEMBER TERM, 1903.      [Vol. 88.

The question involved in this motion is not of such supreme importance to the parties, nor am I so much in doubt as to the disposition which should be made of such question from the evidence presented as to warrant a reference as suggested by defendant's counsel. The parties will receive absolute justice in Westchester county with greater expedition and with practically as little inconvenience as if the case should be tried in New York county. And while this is an element which should not enter into the determination of this motion, it may properly be considered as an aid in reaching the conclusion I have reached that the circumstances disclosed here are not of such a character as to differentiate this motion from many others in which it is not deemed expedient or necessary to direct a reference to determine the facts involved in the motion.

Motion denied.

# Cases

DETERMINED IN THE

# THIRD DEPARTMENT

IN THE

## APPELLATE DIVISION,