(88 App. Div. 126.)

### BISCHOFF v. BISCHOFF.

(Supreme Court, Appellate Division, Second Department. November 25, 1903.)

1. CHANGE OF VENUE—RESIDENCE OF PLAINTIFF—MOTION—BURDEN OF PROOF

　　On a motion by defendant for change of venue on the ground that plaintiff is not a resident of the county in which suit is brought, the burden of proof is on defendant to establish such fact.

2. SAME.

　　Where there is but slight evidence to contradict the positive statements of plaintiff that he resides in the county where suit was brought, a motion by defendant for change of venue on the ground that plaintiff is not a resident of such county is properly denied.

3. SAME—REFERENCE TO DETERMINE FACTS.

　　Where a question involved in a motion is not of supreme importance to the parties, and the court not much in doubt as to the question, from the evidence presented, a requested reference to determine the facts involved in the motion is properly denied.

Appeal from Special Term, Kings County.

Action by Franklin J. Bischoff against Henry Bischoff. Motion for change of venue denied. Defendant appeals. Affirmed.

The following is the opinion of Cochrane, J., in the court below:

The question for determination on this motion is not whether the plaintiff has a residence in New York county, but whether he has a residence in Westchester county. A person may have one or more residences, as distinguished from a domicile; and, if the plaintiff at the time of the commencement of this action had either an actual residence or a domicile in Westchester county, the action is properly brought in that county, although the plaintiff may also have had a residence elsewhere. Cincinnati, Hamilton & Dayton R. Co. v. Ives (Sup.) 3 N. Y. Supp. 895; Lyon v. Lyon, 30 Hun, 455.

The plaintiff swears unqualifiedly that his residence is in Harrison, Westchester county, and that he has been there since November, 1902, except that for a month or two he has been going, by the advice of a physician, to Bath Beach or Sheepshead Bay, Kings county, but that his sojourn there is temporary. The burden of proof on this motion is on the defendant to establish satisfactorily that plaintiff has no residence in Westchester county. The moving papers do not contain any suggestion of where, within the county of New York, the plaintiff has a residence, nor do they set forth any facts or circumstances tending to indicate in the slightest degree any residence at any place within that county. They consist largely of hearsay statements and conclusions or opinions of the affiants. Practically the only legal evidence of a residence by plaintiff in New York county is proof of his own admission to that effect, made several years ago in a proceeding to have him declared incompetent to manage himself and his affairs, and a similar admission made in March, 1902, in a proceeding relating to the same matter. But subsequently, in proceedings relating to the same matter, he also testified that his residence was in Westchester county; and, as above indicated, the two statements are not necessarily inconsistent with each other. Even if it be conceded that he had no residence in Westchester county in the early part of 1902, and prior thereto, nevertheless he might very easily have a residence there in 1903, when this action was commenced. For a number of years, and until March, 1903, there was a committee of the person and estate of the plaintiff. It does not appear for how long a period the plaintiff was confined in an asylum, but such committee had the legal custody and control of his person; and there is some difficulty in reaching a conclusion as to whether, under such circumstances, the plaintiff could acquire or lose a residence. The committee was discharged in March, 1903, and from that time, presumably, at least, the plaintiff has been at liberty to select his own residence. The question of residence is very largely one of intention. There is

very little in the moving papers of an evidentiary character which militates against the positive statement of the plaintiff that he resides in Westchester county, and that he has been there since 1902. I accordingly reach the conclusion that this motion must be denied.

The question involved in this motion is not of such supreme importance to the parties, nor am I so much in doubt as to the disposition which should be made of such question from the evidence presented, as to warrant a reference, as suggested by defendant's counsel. The parties will receive absolute justice in Westchester county with greater expedition and with practically as little inconvenience as if the case should be tried in New York county. And while this is an element which should not enter into the determination of this motion, it may properly be considered as an aid in reaching the conclusion I have reached that the circumstances disclosed here are not of such a character as to differentiate this motion from many others in which it is not deemed expedient or necessary to direct a reference to determine the facts involved in the motion.

Motion denied.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas J. Keigharn, for appellant.
Straley, Hasbrouck & Schloeder, for respondent.

PER CURIAM. Order denying motion to change venue affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Cochrane at Special Term.

———

(88 App. Div. 603.)

VAN WICKLE v. WEAVER COAL & COKE CO.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. ATTACHMENT—VACATION FOR IRREGULARITIES—NOTICE.
    Rule 37, Gen. Rules of Prac., providing that when a motion to vacate an order is for irregularity the notice shall specify the irregularity complained of, is not satisfied by a notice simply stating that, on papers named, defendant will apply for an order vacating an attachment.

Appeal from Special Term, New York County.

Action by Daniel E. Van Wickle against the Weaver Coal & Coke Company. From an order denying a motion to vacate a warrant of attachment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph A. Arnold, for appellant.
Gordan Gordan, for respondent.

McLAUGHLIN, J. The defendant appeals from an order denying a motion to vacate a warrant of attachment. The motion to vacate was based upon the papers upon which the order for the attachment was made. It is urged that the order appealed from should be reversed and the warrant vacated, by reason of certain irregularities in the moving papers, as well as in the warrant itself. The notice of motion did not state any grounds of irregularities, and

¶ 1. See Attachment, vol. 5, Cent. Dig. §§ 840, 845.