### WASHINGTON v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. PRACTICE—PLACE OF TRIAL—DEMAND FOR CHANGE—TIME OF SERVICE.

Under Code Civ. Proc. § 986, providing that, where defendant demands that the action be tried in a county other than that where it is commenced, a written demand must be served on plaintiff's attorney with the answer, or before service of the answer, the fact that after the service of a demand the place of trial be changed, defendant's demurrer to the complaint is overruled, is of no importance where leave to answer is afterward given to the defendant.

2. SAME—RESIDENCE OF PARTIES.

Where defendant lived with his family at a certain place, where he kept his horses, carriages, and servants, had business interests, and paid taxes, but maintained an office for the transaction of business at another place,

where he kept an apartment which he used while at the latter place transacting business, the former place was his residence, within the meaning of Code Civ. Proc. § 984, providing that actions not specified in the two preceding sections must be tried in the county in which one of the parties resided at the time the action was commenced.

Appeal from Special Term, New York County.

Action by C. S. Washington against Orlando F. Thomas and another. From an order denying a motion by defendant Thomas to change the place of trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank Brundage, for appellant.
Charles A. Brodek, for respondent.

McLAUGHLIN, J. This action is brought upon a judgment alleged to have been recovered by the plaintiff, a nonresident of this state, against the defendants in the state of Florida. Service of the summons and complaint was only made on the defendant Thomas, who, before the expiration of the time to answer, interposed a demurrer to the complaint, and at the same time made a written demand that the place of trial be changed from the county of New York to the county of Wayne, the proper county. The plaintiff not having consented to such change within the time provided by statute (section 986 of the Code of Civil Procedure), the defendant Thomas made a motion that the place of trial be changed in accordance with his written demand. The motion was denied, and he has appealed.

The demand that the place of trial be changed to the county of Wayne was duly served. The fact that the demurrer to the complaint interposed by Thomas was subsequently overruled is of no importance whatever, because leave to answer was thereafter given to the defendant. He had a right to serve the demand before answer. Section 986 so provides, and, the plaintiff having failed to comply with the demand within the time provided in the section of the Code of Civil Procedure above referred to, the motion was properly made, and I am of the opinion, upon the uncontradicted facts, it should have been granted. An action of this character must be tried in the county in which one of the parties resided at the time of its commencement. Section 984, Code Civ. Proc. The plaintiff and the defendant Kelley, at the time the action was commenced, were both nonresidents, and the defendant Thomas resided in the county of Wayne. Thomas swears positively that he now resides, and for the last 10 years past has resided, at Lyons, in Wayne county; that from 1891 to 1897 he owned a house in Lyons, in which he lived with his family; that after the death of his wife, in 1897, he sold his house, and took apartments at a hotel in Lyons, which apartments he has ever since retained, and now has and occupies; that his horses, carriages, and servants are at Lyons, and that he has business interests there; that for the last 10 years he has continuously voted at Lyons, paid taxes there, and has several times served as a juror in that county. These facts are also established in some respects by affidavits of the county clerk and county treasurer of Wayne county.

While these facts are not contradicted, the plaintiff contends that, inasmuch as it appeared that Thomas had apartments at the Waldorf-Astoria, which he occupied while in the city of New York, and also had an office in such city for the transaction of business, he was a resident thereof, and in the sense in which the word "resided" is used in section 984 of the Code of Civil Procedure he "resided" therein, and this seems to have been the view of the learned justice sitting at Special Term. I do not think the word "resided," as used in this section, can be given any such meaning. As so used, it means a permanent residence; one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure. It is nearly or quite synonymous with the word "domiciled," the permanent home and the place to which, whenever absent, one intends to return. Thomas can no more be said to be a resident of the county of New York, under the proof here presented, than thousands of residents of that county, who resort, during certain seasons of the year, to the seashore or mountains, for health or pleasure, can be said to be residents of such places. In a great commercial city like New York many persons residing in other parts of the state and in other states, have offices there for the transaction of business, and rooms or apartments where they stop while in such city; but this does not make them residents of the city in the sense in which the word "resided" is used in section 984 of the Code of Civil Procedure, any more than would temporarily engaging an office or a room for a night, a day, or a week every time they came to the city. Our attention is called by the respondent to several authorities, and especially C. H. & D. R. R. Co. v. Ives (Sup.) 3 N. Y. Supp. 895, and Bischoff v. Bischoff, 88 App. Div. 126, 85 N. Y. Supp. 81. An examination of these authorities shows that they are not in point, with the possible exception of the two named, and in so far as these two are opposed to the views here expressed we do not feel inclined to follow them.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide event. All concur.