While these facts are not contradicted, the plaintiff contends that, inasmuch as it appeared that Thomas had apartments at the Waldorf-Astoria, which he occupied while in the city of New York, and also had an office in such city for the transaction of business, he was a resident thereof, and in the sense in which the word "resided" is used in section 984 of the Code of Civil Procedure he "resided" therein, and this seems to have been the view of the learned justice sitting at Special Term. I do not think the word "resided," as used in this section, can be given any such meaning. As so used, it means a permanent residence; one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure. It is nearly or quite synonymous with the word "domiciled," the permanent home and the place to which, whenever absent, one intends to return. Thomas can no more be said to be a resident of the county of New York, under the proof here presented, than thousands of residents of that county, who resort, during certain seasons of the year, to the seashore or mountains, for health or pleasure, can be said to be residents of such places. In a great commercial city like New York many persons residing in other parts of the state and in other states, have offices there for the transaction of business, and rooms or apartments where they stop while in such city; but this does not make them residents of the city in the sense in which the word "resided" is used in section 984 of the Code of Civil Procedure, any more than would temporarily engaging an office or a room for a night, a day, or a week every time they came to the city. Our attention is called by the respondent to several authorities, and especially C. H. & D. R. R. Co. v. Ives (Sup.) 3 N. Y. Supp. 895, and Bischoff v. Bischoff, 88 App. Div. 126, 85 N. Y. Supp. 81. An examination of these authorities shows that they are not in point, with the possible exception of the two named, and in so far as these two are opposed to the views here expressed we do not feel inclined to follow them.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide event. All concur.

---

### VIRDEN v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

Appeal from Special Term, New York County.

Action by William H. Virden against Orlando F. Thomas and another. From an order denying a motion by defendant Thomas to change the place of trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank Brundage, for appellant.
Charles A. Brodek, for respondent.

McLAUGHLIN, J. The defendant Thomas appeals from an order denying a motion to change the place of trial from the county of New

York to the county of Wayne. The facts set out in the record bearing upon the question of the change of place of trial are precisely the same as in Washington v. Thomas (decided herewith) 92 N. Y. Supp. 994, and for the reasons stated in the opinion delivered in that case the order here appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide event. All concur.

---

### KNIGHT & WALL CO. v. THOMAS et al.

(Supreme Court, Appellate Division, First Department.   April 7, 1905.)

Appeal from Special Term, New York County.

Action by the Knight & Wall Company against Orlando F. Thomas and another. From an order denying a motion by defendant Thomas to change the place of trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank Brundage, for appellant.
Charles A. Brodek, for respondent.

McLAUGHLIN, J.   The defendant Thomas appeals from an order denying a motion to change the place of trial from the county of New York to the county of Wayne. The facts set out in the record bearing upon the question of the change of place of trial are precisely the same as in Washington v. Thomas (decided herewith) 92 N. Y. Supp. 994, and for the reasons stated in the opinion delivered in that case the order here appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide event. All concur.

---

### HITCHCOCK v. WIMPLEBERG.

(Supreme Court, Appellate Division, Third Department.   March 8, 1905.)

1. REPLEVIN—CONVERSION—COMPLAINT.
   Where a complaint alleged ownership of a watch by plaintiff; that it had been feloniously taken from him, and thereafter came into defendant's possession; that defendant, after demand, had refused to deliver the watch, but wrongfully detained it, though plaintiff was entitled to its immediate possession, which he demanded, or the sum of $75 in case possession could not be obtained, and $75 damages and costs—it stated a cause of action in replevin, though it also alleged that the watch had been sold and disposed of by defendant with intent to deprive plaintiff of its use and benefit.

2. SAME—DISPOSITION OF PROPERTY.
   Replevin may be maintained against one who has had custody and possession of the article claimed, and who has improperly parted with such possession before commencement of the action.

   [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 78, 81.]

3. SAME—DAMAGES.
   Where plaintiff in an action to recover a watch demanded judgment for possession, or, in case possession could not be had, for the sum of $75, and