C. S. WASHINGTON, Respondent, *v.* ORLANDO F. THOMAS, Appellant, Impleaded with JOHN M. KELLY, Defendant.

*Venue — meaning of word " resided" in section 984 of the Code of Civil Procedure.*

The word "resided," as used in section 984 of the Code of Civil Procedure, providing that certain actions shall be tried in the county in which one of the parties "resided" at the time of its commencement, means a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure. It is nearly or quite synonymous with the word "domicile," the permanent home and the place to which, whenever absent, one intends to return.

The fact that a person, whose home establishment is in Wayne county and who votes, pays taxes and serves as a juror therein, also has apartments at a hotel in the city of New York which he occupies while in that city and has an office in such city for the transaction of business, does not constitute him a resident of the city of New York within the meaning of section 984 of the Code of Civil Procedure.

APPEAL by the defendant, Orlando F. Thomas, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of January, 1905, denying the said defendant's motion to change the place of trial of the action from the county of New York to the county of Wayne.

*Frank Brundage,* for the appellant.

*Charles A. Brodek,* for the respondent.

McLAUGHLIN, J. :

This action is brought upon a judgment alleged to have been recovered by the plaintiff, a non-resident of this State, against the defendants in the State of Florida. Service of the summons and complaint was only made on the defendant Thomas, who, before the expiration of the time to answer, interposed a demurrer to the complaint and at the same time made a written demand that the place of trial be changed from the county of New York to the county of Wayne, the proper county. The plaintiff not having consented to such change within the time provided by statute (Code Civ. Proc. § 986), the defendant Thomas made a motion that the

place of trial be changed in accordance with his written demand. The motion was denied and he has appealed.

The demand that the place of trial be changed to the county of Wayne was duly served. The fact that the demurrer to the complaint interposed by Thomas was subsequently overruled is of no importance whatever, because leave to answer was thereafter given to the defendant. He had a right to serve the demand before answer. Section 986 of the Code of Civil Procedure so provides and the plaintiff having failed to comply with the demand within the time provided in the section of the Code of Civil Procedure above referred to, the motion was properly made, and I am of the opinion, upon the uncontradicted facts, it should have been granted.

An action of this character must be tried in the county in which one of the parties resided at the time of its commencement. (Code Civ. Proc. § 984.) The plaintiff and the defendant Kelly, at the time the action was commenced, were both non-residents and the defendant Thomas resided in the county of Wayne. Thomas swears, positively, that he now and for the ten years last past, has resided at Lyons, in Wayne county; that from 1891 to 1897 he owned a house in Lyons in which he lived with his family; that after the death of his wife, in 1897, he sold his house and took apartments at a hotel in Lyons, which apartments he has ever since retained and now has and occupies; that his horses, carriages and servants are at Lyons, and that he has business interests there; that for the last ten years he has continuously voted at Lyons, paid taxes there, and has several times served as a juror in that county. These facts are also established in some respects by affidavits of the county clerk and county treasurer of Wayne county.

While these facts are not contradicted, the plaintiff contends that inasmuch as it appeared that Thomas had apartments at the Waldorf-Astoria, which he occupied while in the city of New York, and also had an office in such city for the transaction of business, he was a resident thereof, and in the sense in which the word "resided" is used in section 984 of the Code of Civil Procedure, he "resided" therein, and this seems to have been the view of the learned justice sitting at Special Term.

I do not think that the word "resided," as used in this section,

can be given any such meaning. As so used it means a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure. It is nearly or quite synonymous with the word "domicile," the permanent home and the place to which, whenever absent, one intends to return. Thomas can no more be said to be a resident of the county of New York, under the proof here presented, than thousands of residents of that county, who resort, during certain seasons of the year to the seashore or mountains, for health or pleasure, can be said to be residents of such places. In a great commercial city like New York many persons residing in other parts of the State, and in other States, have offices there for the transaction of business, and rooms or apartments where they stop while in such city, but this does not make them residents of the city, in the sense in which the word "resided" is used in section 984 of the Code of Civil Procedure, any more than would temporarily engaging an office or a room for a night, a day or a week every time they came to the city.

Our attention is called by the respondent to several authorities and especially *Cincinnati, Hamilton & D. R. R. Co.* v. *Ives* (21 N. Y. St. Repr. 67) and *Bischoff* v. *Bischoff* (88 App. Div. 126). An examination of these authorities shows that they are not in point, with the possible exception of the two named, and in so far as these two are opposed to the views here expressed, we do not feel inclined to follow them.

The order appealed from, therefore, must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to abide event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event.