### HISLOP v. TAAFFE.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. VENUE (§ 8*)—PERSONAL INJURIES—ACTIONS.

    Code Civ. Proc. § 984, providing that an action not provided for in the two preceding sections must be tried in the county in which one of the parties resided at the commencement thereof, governs a suit by an employé for personal injuries.

    [Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*]

2. DOMICILE (§ 2*)—"RESIDENCE."

    "Residence," as used in the Code of Civil Procedure, excepting those sections relating to attachment and service of process, and as used in other statutes, excepting those relating to taxation, is generally synonymous with "domicile," and means the permanent home and place to which, whenever absent for purposes of business or pleasure, one intends to return.

    [Ed. Note.—For other cases, see Domicile, Cent. Dig. § 2; Dec. Dig. § 2.*

    For other definitions, see Words and Phrases, vol. 3, pp. 2168–2179; vol. 8, pp. 7641, 7642; vol. 7, pp. 6151–6161; vol. 8, p. 7788.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. VENUE (§ 28*)—"RESIDENCE"—"DOMICILE."
    "Residence," as used in Code Civ. Proc. § 984, relating to the venue of actions, is synonymous with "domicile," and means the permanent home and place to which, whenever absent for purposes of business or pleasure, one intends to return.
    [Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

4. VENUE (§ 28*)—"RESIDENCE."
    Plaintiff's temporary sojourn in a county, with the express purpose of suing, and with no intention of permanently remaining there, is insufficient to give him a residence there, within Code Civ. Proc. § 984, requiring certain actions to be tried in the county in which one of the parties resided at the commencement thereof.
    [Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

5. WORDS AND PHRASES—"RESIDENCE."
    Permanent "residence" is not affected by a temporary sojourn in another place for business purposes.

Appeal from Special Term, Westchester County.

Action by Peter L. Hislop against John P. Taaffe. From an order refusing to change the place of trial, defendant appeals. Reversed, and motion granted.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Hugo Hirsh, for appellant.
Thomas J. O'Neill, for respondent.

BURR, J. This action is brought to recover damages for personal injuries resulting from negligence. Such an action must be tried in the county in which one of the parties resided at the commencement thereof. Code Civ. Proc. § 984. "Residence," as the word is used in other sections of the Code (excluding those relating to attachments and service of process) and in other statutes (excluding those relating to taxation), is generally synonymous with "domicile." The same meaning should be given to it here. It means the permanent home, and the place to which, whenever absent for purposes of business or pleasure, one intends to return. De Meli v. De Meli, 120 N. Y. 485, 491, 24 N. E. 996, 17 Am. St. Rep. 652; Washington v. Thomas, 103 App. Div. 423, 92 N. Y. Supp. 994.

It must be admitted that some of the earlier cases gave a different construction to the word "resided," as used in the section above referred to. Cincinnati, H. & D. R. Co. v. Ives (Sup.) 3 N. Y. Supp. 895; Bischoff v. Bischoff, 88 App. Div. 127, 85 N. Y. Supp. 81. The former case was decided by the Special Term of the Supreme Court in New York county in 1889; but as the Appellate Division in the First Department, in the case of Washington v. Thomas, supra, declined to follow it, we need no longer consider it as an authority. In the Bischoff Case, the language of the opinion, so far as it attempts to distinguish residence from domicile, as applied to the section of the Code in question, was unnecessary to the determination of the case, since it clearly appeared from the facts therein that plaintiff's domicile and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

place of sojourn were both in the county in which the action was brought.

Defendant in this action, at the time of the commencement thereof and for a long time prior thereto, resided in Kings county. Unless plaintiff actually resided in Westchester county, within the meaning of the statute, defendant's motion to change the place of trial should have been granted. Plaintiff is a young man and unmarried. His parents reside at Belmar, N. J. It is undisputed that he actually resided and sojourned with them until he entered defendant's employ, about May 1, 1909. On February 1, 1910, he was injured in defendant's factory. Defendant stated in his affidavit in support of the motion that during these 10 months plaintiff resided at No. 151 Sands street, in the borough of Brooklyn. Plaintiff denies that he ever resided there. As he states no other place of residence, if he did not reside in Brooklyn, it would appear that he still considered his place of residence to be that of his original domicile at the home of his parents at Belmar. Immediately after his injury he was taken to a hospital in Brooklyn, and when he left there he went to the home of his parents. On April 2, 1910, he went to Yonkers, in the county of Westchester, and secured board there, and on the 29th of April this action was commenced. There is evidence, in the form of statements made by members of his family at Belmar, that he was only absent from there for a few days at a time, that his object in going to Westchester county was to enable him to bring this action in that county, and that as soon as it was tried it was his intention to return to Belmar permanently. These statements are not denied. There is no pretense that he has any occupation in Yonkers, or is seeking any employment there. His counsel frankly admitted that his purpose in going there was to enable him to bring this action in Westchester county, and he asserts that he is within his legal rights in so doing.

Starting with the fact, in effect asserted by him, that prior to April 2d his residence and domicile was in Belmar, we do not think that his temporary sojourn in Yonkers, for the express purpose of bringing this action, and with no intention of permanently remaining there, is sufficient to divest him of his residence and domicile in the former place, or to acquire a residence in the latter. Permanent residence is not affected by a temporary sojourn in another place for business purposes. Mills & Gibb v. Starin, 119 App. Div. 336, 104 N. Y. Supp. 230; People v. Platt, 117 N. Y. 166, 22 N. E. 937; Pells v. Snell, 130 Ill. 379, 23 N. E. 117; Cadwalader v. Howell, 18 N. J. Law, 138. Plaintiff's only business at the present time seems to be the prosecution of this action. Within the authorities above cited, his sojourn in Yonkers for the purpose of attending to this business is not sufficient to deprive him of his original residence in Belmar, or make him a resident of Westchester county, within either the spirit or the letter of the Code provision. The learned justice at Special Term, in his opinion, says:

"I perceive no reason why a citizen of another state, where the laws relating to suffrage are less liberal than in this state, may not take up his residence in this state for the express purpose of becoming a voter therein, because he likes better such laws of this state than those of the other state. There are many

people who can vote in New York who could not vote in some of the other states, according to the laws of those states respectively."

The distinction between this and the suppositious case is clear. In the latter, the change of residence is coupled with an intention to make such change a permanent one, and to remain in the place to which the voter has removed, since, if he did not, he would lose his right of suffrage there. Here the intention of permanency is entirely lacking.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to change the place of trial granted, with $10 costs. All concur.