## TULLOCK v. DELAWARE, L. & W. R. CO.

(Supreme Court, Special Term, Westchester County. March 4, 1911.)

1. APPEAL AND ERROR (§ 909*)—REVIEW—PRESUMPTIONS—FINDINGS.

In an action against a foreign corporation, the question whether plaintiff was a resident of the state, and hence entitled to sue, under Code Civ. Proc. § 1780, being for the jury, when verdict was rendered for plaintiff, it must be assumed on appeal that the jury resolved that question in plaintiff's favor, though defendant did not ask its submission.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 909.*]

2. CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—ACTIONS AGAINST—RESIDENCE OF PLAINTIFF—EVIDENCE.

In an action against a foreign corporation, evidence *held* to support a finding that plaintiff was a resident of New York when he sued, within Code Civ. Proc. § 1780, providing that an action against a foreign corporation may be maintained by a resident of the state for any cause of action.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 673.*]

Action by one Tullock against the Delaware, Lackawanna & Western Railroad Company. On motion to set aside a verdict for plaintiff. Motion denied.

Joseph A. Shay (John F. McIntyre, of counsel), for plaintiff.
F. W. Thomson and W. S. Jenney, for defendant.

TOMPKINS, J. This is a motion to set aside the verdict of a jury after a trial at the Westchester county Trial Term. The verdict was in favor of the plaintiff for the sum of $40,000 damages, for personal injuries received by him while in the defendant's employ, in its Hoboken Terminal, in the state of New Jersey.

The action was brought under the New Jersey employer's liability act of 1909 (P. L. p. 114). At the time of the accident, and for a long time prior thereto, plaintiff, who is unmarried, was a resident of the state of New Jersey, living with his parents. The month before this action was commenced, and soon after he got out of the hospital, he took up his residence in the city of Mt. Vernon, in Westchester county, and was still living there at the time of the trial. He testified that he was living in a boarding house, and that his board was being paid by his aunt, who lived in Connecticut, and that he did not go to Westchester county to bring this lawsuit, but that he went there because of a misunderstanding with his father, who was also in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & REP'T Indexes

employ of the defendant railroad company, and wished plaintiff not to bring an action, and that on account of such disagreement with his father he lost his home. He said that he was advised by no one to go to Mt. Vernon, but that he made up his mind to go there, and sent his sister to get him a boarding place. There was considerable more testimony by the plaintiff as to his reason for going to Westchester county to live, and through it all he insisted that he had not gone there for the purpose of bringing this action, but to make it his home, and when he was asked, "Q. After you get through with this litigation, where do you intend to go?" he replied, "A. Wherever I get the most benefit for my money, Mt. Vernon or any other town." The plaintiff's injuries consist of the loss of his left arm and right leg, so that, wherever he may be, he will not be able to do much, if any, work.

The only question upon which the court reserved its decision on defendant's motion was that relating to the residence of the plaintiff and his right to bring and maintain this action in the state of New York. The defendant is a foreign corporation, in the sense that it was incorporated under the laws of the state of Pennsylvania, while it operates its railroad through the states of New York and New Jersey, and its right to do business in the state of New York is by virtue of an act of the Legislature of this state. The defendant insists that it can be sued in this state only in the cases provided for in section 1780 of the Code of Civil Procedure, and the claim is made that the plaintiff is not, and was not at the time of the commencement of this action, a resident of the state.

The only testimony at the trial upon that question was given by the plaintiff and he was examined at considerable length concerning his residence in New Jersey at and prior to the time of the accident, and his removal therefrom to Mt. Vernon, in Westchester county, and the reasons therefor, and his plans and purpose for the future, the substance of which I have already stated. The question of the plaintiff's residence in this action was a question of fact for the jury, and, a verdict having been rendered in the plaintiff's favor, it must be assumed that the jury resolved that question in the plaintiff's favor, although the defendant did not ask for the submission of that question to the jury.

The question now is whether there is any evidence to sustain that finding of the jury. It seems to me that, under the decision of the Appellate Division of the Second Department in the case of Bump v. N. Y., N. H. & H. R. R. Co., 38 App. Div. 60, 55 N. Y. Supp. 962, and affirmed by the Court of Appeals, on the opinion below, 165 N. Y. 636, 59 N. E. 1119, I am bound to hold that there is sufficient evidence on the plaintiff's part to sustain the verdict of the jury. In that case the defendant was just such a nonresident as is the defendant in this case; i. e., a foreign corporation doing business in this state. The plaintiff lived in Connecticut, and moved into this state only a few days before the commencement of the action. At the time of the trial she testified that she lived in Brooklyn, and that she removed from Connecticut to Brooklyn because she thought perhaps she might be able to earn a better living here, and also partly for the purpose of bringing this suit. She said:

"I do not intend to go back to Connecticut when this suit is completed, unless I have a better position offered me. I think that I shall stay in Brooklyn after this suit is finished. I have not made up my mind quite about that. I have not formed a definite intention in relation to my future residence. In January, I came here with the intention of staying here—living here."

Here the plaintiff admitted that one of her reasons for moving into the state was to begin her suit, while she had formed no definite purpose respecting her future residence, and the court, Mr. Justice Bartlett writing the opinion, said:

"In the Phelps Case, supra [17 App. Div. 392, 45 N. Y. Supp. 178], the question of the plaintiff's residence was held to have been properly left to the jury; but there the plaintiff testified positively that he had made up his mind to come to New York to live permanently. It is true that the intent of the plaintiff here is not so clearly manifested; but, so far as she had formed any plan for the future, it would seem that she contemplated remaining in Brooklyn, rather than going anywhere else. To effect a change of residence there must be an intent to abide in another place, accompanied by an actual going to that place and abiding there. While, to constitute a person a resident of a state, he must intend to make, and actually make, that state his home, it is not necessary that he shall have determined to make it always his home. We think that the plaintiff's testimony was sufficient to sustain a finding that she was a resident of the state of New York at the time of the commencement of the action, and consequently it would have been error for the court to dismiss the complaint on the ground of nonresidence. If counsel for the defendant had regarded the evidence on this subject as capable of supporting conflicting inferences, he should have asked to have the question submitted to the jury; but no such request appears to have been made, and the matter of plaintiff's residence is not mentioned in the judge's charge."

It seems to me that in the case at bar the plaintiff's testimony respecting his motive and purpose is stronger than was the testimony of the plaintiff in the Bump Case, and that, if in that case there was sufficient evidence to justify the finding of the jury, so there is here. And in this case, as in that, there was no request by defendant's counsel for the submission of the question of the plaintiff's residence to the jury. This decision in the Bump Case was by a unanimous court, as far as this one question was concerned, and was unanimously affirmed by the Court of Appeals, on the opinion of Mr. Justice Bartlett, and there has been no subsequent decision, to which my attention has been called, by the Court of Appeals, that comes anywhere near being parallel to the case at bar.

The defendant's counsel lay much emphasis upon the decision of the Appellate Division of the Second Department in the case of Hislop v. Taaffe, recently decided and reported in 141 App. Div. 40, 125 N. Y. Supp. 614; but in that case it appeared without contradiction that the plaintiff had gone to Yonkers for the sole purpose of enabling him to bring the action in Westchester county. Mr. Justice Burr, writing the opinion, says:

"There is no pretense that he [plaintiff] has any occupation in Yonkers, or is seeking any employment there. His counsel frankly admit that his purpose in going there was to enable him to bring this action in Westchester county, and he asserts that he is within his legal right in so doing."

And the court at Special Term expressly held that a person had a right to go to Westchester county for the sole purpose of laying the

venue of his action therein, without reference to his legal residence or domicile. And the Appellate Division held in effect that one could not go into a county for the sole purpose of bringing an action therein, and that the action must be brought where the person resided —in other words, the place that he regarded as his permanent home, "to which, whenever absent for the purpose of business or pleasure, one intends to return;" and for that and other reasons the Hislop Case seems easily distinguishable from this case. I would hardly feel justified in saying that the jury had not the right to find, upon the plaintiff's testimony, that he intended to make Mt. Vernon his permanent home. Besides, there is a serious question whether the defendant is a foreign corporation, within the meaning of section 1780 of the Code, inasmuch as it is operating its railroad and doing business within the state of New York. Phelps v. N. Y., N. H. & H. R. R. Co., 17 App. Div. 392, 45 N. Y. Supp. 178, and N. Y., N. H. & H. R. R. Co. v. Welsh, 143 N. Y. 411, 38 N. E. 378, 42 Am. St. Rep. 734.

For these reasons, I have decided to deny the motion. Thirty days' stay, and 45 days to make a case.