GILMARTIN v. GEORGE A. FULLER CO. et al.

(Supreme Court, Appellate Division, Second Department.    December 28, 1911.)

VENUE (§ 28*)—CHANGE OF VENUE—DOMICILE—GOOD FAITH.

> Plaintiff at the time he was injured resided in New York City, but, after leaving the hospital, where he was taken immediately after the accident, took up his residence in Westchester county on the advice of his physician, and claimed that he did not make the change so that the action could be prosecuted in that county, but intended to make a city in that county his permanent voting residence. *Held* that, his change of residence having been made in good faith, it was error to change the place of trial from Westchester to New York county.
>
> [Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

Appeal from Special Term, Westchester County.

Action by Patrick Gilmartin against the George A. Fuller Company and another. From a Special Term order changing the place of trial from Westchester county to New York county, plaintiff appeals. Reversed, and motion denied.

See, also, 131 N. Y. Supp. 1117.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Sydney A. Syme, for appellant.

Herbert C. Smyth (Walter C. Stevens and Frederic C. Scofield, on the brief), for respondents.

RICH, J. The action is to recover damages for personal injuries, and the motion was made upon the ground that at the time the action was brought neither party resided in the county of Westchester. The plaintiff at the time he was injured resided in the city of New York. He says that, upon leaving the hospital where he was taken immediately after the accident, he took up his residence in the county of Westchester, and in doing this he acted upon the advice of his physician; that he did not change his residence in order that this action could be prosecuted in Westchester county; but that he intends to make the city of Mt. Vernon his permanent voting residence. In this respect the case at bar differs from Hislop v. Taaffe, 141 App. Div. 40, 125 N. Y. Supp. 614.

We think that the question of plaintiff's residence was largely one of intention, and, as it is made to appear that he changed his domicile in good faith, it was error for the learned justice at Special Term to make this order, and it must be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.