MAX KLEINROCK, Respondent, *v.* NANTEX MANUFACTURING COMPANY, Appellant.

Second Department, May 5, 1922.

**Trial — place of trial — " resided " as used in Civil Practice Act, § 182, means permanent abode or domicile — county of business residence of plaintiff not proper venue for action on contract.**

The word " resided," as used in section 182 of the Civil Practice Act, means a permanent place of abode or domicile, and, therefore, a county where plaintiff in an action on contract had a business residence was not the proper place for the trial of the action, where neither party was domiciled therein.

APPEAL by the defendant, Nantex Manufacturing Company, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Orange on the 18th day of March, 1922, denying its motion to change the place of trial from the county of Orange to the county of New York.

*Herman Strizver*, for the appellant.

*Henry Hirschberg*, for the respondent.

YOUNG, J.:

This action was brought to recover damages for breach of a manufacturing contract, and was begun by the service of the summons and complaint on January 18, 1922. A written demand for change of venue was served February 3, 1922; the plaintiff failing to comply with the demand, a motion was thereupon made for an order to change the venue on the ground that plaintiff was a resident of Kings county and the defendant a resident of New York county. The change of venue was demanded as a matter of right on the ground that neither party at the time of the commencement of the action was a resident of Orange county. (Civil Practice Act, § 182.)

There is little dispute as to the facts, and whether or not the order appealed from shall be upheld depends upon the construction to be given to section 182 of the Civil Practice Act, formerly Code of Civil Procedure, section 984, which provides that an action of this kind must be tried in the county in which one of the parties resided at the commencement thereof.

It appears that the plaintiff is domiciled in the city of Brooklyn, that he owns a house at 403 Thatford avenue in the city of Brooklyn, and that the plaintiff is listed in the New York Telephone Directory for the borough of Brooklyn at said address, and that

his wife and father-in-law live at said address. It is admitted that the plaintiff voted in the borough of Brooklyn at the last general election.

On the other hand, it appears without contradiction that in February, 1921, the plaintiff went to Highland Falls, Orange county, and bought a factory there for the purpose of establishing his business, and that from that time to the present time plaintiff has owned said factory and conducted his business there. He contends that he acquired a residence in Orange county for the purpose of conducting his business and also because his wife's health was such that he thought it would be improved if they lived in the country instead of the city of New York; that he formerly lived in the borough of The Bronx. He further states that he first boarded at the hotel at Highland Falls, but that in April, 1921, he moved to a private residence and rented the same in the village of Highland Falls, and has ever since maintained his residence there, and has at the present time such residence; that his wife returned to his Brooklyn residence because her health did not improve in the country; that he is in Orange county substantially every day of the week, with the exception of Sundays, and is only in Brooklyn over the week ends for the purpose of being with his wife; that the only time he leaves his business in Orange county or his residence there is when he is visiting his wife in Brooklyn or is away on business.

Upon these facts, plaintiff contends that the order appealed from is right and should be affirmed, for the reason that plaintiff is a *bona fide* resident of Orange county within the meaning of the statute (Civil Practice Act, § 182); that for the purpose of venue a person may have more than one residence, and that residence is not synonymous with domicile.

In support of this contention plaintiff chiefly relies upon *Bischoff* v. *Bischoff* (88 App. Div. 126); *Lyon* v. *Lyon* (30 Hun, 455); *Cincinnati, H. & D. R. Co.* v. *Ives* (3 N. Y. Supp. 895); *Marks* v. *Collins Building & Construction Co.* (110 App. Div. 920). These cases undoubtedly give a construction to the word " resided " which would justify the granting of the order appealed from; for it is there stated that a person may have two or more residences as distinguished from a domicile, and if a plaintiff at the time of the commencement of his action had either an actual residence or a domicile in the county in which the action was brought, the action was properly brought in that county, although the plaintiff had a residence elsewhere.

The briefs submitted, however, do not refer to the later case of *Hislop* v. *Taaffe* (141 App. Div. 40), decided by this court. In

that case Mr. Justice BURR said that the word " resided " as used in section 984 of the Code of Civil Procedure (now Civil Practice Act, § 182), should be construed generally as synonymous with *domicile,* and that its true meaning is the permanent home and the place to which, whenever absent for business or pleasure, one intends to return. He referred to some of the cases cited by the respondent as follows: " It must be admitted that some of the earlier cases gave a different construction to the word ' resided,' as used in the section above referred to. (*Cincinnati, H. & D. R. Co.* v. *Ives,* 3 N. Y. Supp. 895; *Bischoff* v. *Bischoff,* 88 App. Div. 126.) The former case was decided by the Special Term of the Supreme Court in New York county in 1889, but as the Appellate Division in the First Department, in the case of *Washington* v. *Thomas* [103 App. Div. 423], declined to follow it, we need no longer consider it as an authority. In the *Bischoff* case, the language of the opinion, so far as it attempts to distinguish *residence* from *domicile,* as applied to the section of the Code in question, was unnecessary to the determination of the case, since it clearly appeared from the facts therein that plaintiff's domicile and place of sojourn were both in the county in which the action was brought."

It is equally true that it might be argued that what Mr. Justice BURR said as to the construction to be given to the section was not necessary to the determination of that case, because there it appeared that the plaintiff had moved into Westchester county for the express purpose of bringing the action and had no business or other connections there. In my opinion, however, the definition given in the *Hislop* case of the word " resided " as used in the statute in question is the correct one and should be followed in determining the venue in which actions of this kind may be brought. The First Department has held repeatedly that the word " resided " as used in the section referred to means a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure; that it is nearly or quite synonymous with the word " domicile," the permanent home and the place to which, whenever absent, one intends to return, and that one's permanent residence is not affected by his business interests, official position or temporary sojourn in any other place. (*Washington* v. *Thomas,* 103 App. Div. 423; *Mills & Gibb* v. *Starin,* 119 id. 336.)

In the case of *De Meli* v. *De Meli* (120 N. Y. 485) the Court of Appeals considered the construction to be given to section 1763 of the Code of Civil Procedure (now section 1162 of the Civil Practice Act). That section, together with the preceding section, provides in part that an action for separation may be brought where

both parties are residents of the State when the action is commenced, and the court said:

" The question here has relation to the legal residence of the parties. And within the meaning of the statute providing for actions of this character, the place of which the parties are residents is that of their permanent abode, which may be distinguished from their place of temporary residence. &ast; &ast; &ast;

" In legal phraseology residence is synonymous with inhabitancy or domicile. And it is in this sense that the term resident is used in the provisions of the Code before referred to, and persons having that relation to this State are its citizens and residents, and for the purposes of the relief like that in view of this action, they are subject to the jurisdiction of its courts."

In my opinion there is no reason why the word " resided " as used in section 182 of the Civil Practice Act should be given any meaning different from the word " residents " as used in section 1162 of the Civil Practice Act as construed by the Court of Appeals in *De Meli* v. *De Meli* (*supra*).

The order appealed from should be reversed upon the facts and law, with ten dollars costs and disbursements, and the motion to change the place of trial granted, with ten dollars costs.

BLACKMAR, P. J., RICH, KELLY and JAYCOX, JJ., concur.

Order reversed upon the facts and the law, with ten dollars costs and disbursements, and motion to change the place of trial from Orange county to New York county granted, with ten dollars costs.