ALBERT A. JOHNSON, Respondent, v. JAMES T. HOILE, Appellant.

Second Department, May 24, 1923.

Trial — motion by defendant to change place of trial from Nassau county to Kings county — voting residence in Kings county does not authorize change.

A defendant in an action brought in Nassau county cannot have the place of trial changed to the county of Kings on the ground that he is a resident thereof, where it appears that he actually resided in Nassau county at the time the action was brought and for a long time prior thereto, owns his home there and commutes daily to the city, and that the only basis for claiming that he is a resident of Kings county is that he has a " voting residence " there.

APPEAL by the defendant, James T. Hoile, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 1st day of March, 1923, denying his motion to change the place of trial from the county of Nassau to the county of Kings.

*Frederick L. Gilbert*, for the appellant.

*Elvin N. Edwards* [*Harvey J. George* with him on the brief], for the respondent.

Order denying motion to change place of trial affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice Faber at Special Term.

KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ., concur.

The following is the opinion delivered at Special Term:

FABER, J.:

I am convinced from a careful reading of the papers before me on this motion that the defendant is a resident of Nassau county and lived there with his wife at the time this action was commenced and for a long time prior thereto; owns his own home there and commutes daily to the city. He has a " voting residence " in Brooklyn, as distinguished from the place where he actually dwells. It has been held that the word " resided " means a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure; that it is nearly or quite synonymous with the word " domicile," the permanent home and the place to which, whenever absent, one intends to return, and that one's permanent residence is not affected by his interests, official position or temporary sojourn in any other place. (*Washington* v. *Thomas*, 103 App. Div. 423; *Mills & Gibb* v. *Starin*, 119 id. 336. See, also, *Kleinrock* v. *Nantex Mfg. Co.*, 201 App. Div. 236.) Motion denied, with ten dollars costs.