Brewster, J.
This is an appeal by plaintiff from an order of the Supreme Court at a Syracuse Special Term granting defendants’ motion for a change of venue of plaintiff’s negligence action from Cortland County to Onondaga County, as the proper county, and denying plaintiff’s cross motion to dismiss defendants’ motion on jurisdictional grounds.
Plaintiff’s cross motion was based upon the amendment of rule 146 of the Rules of Civil Practice, as added in February, 1942. After service of defendants’ demand of change of venue to Onondaga County as the proper county, plaintiff duly and timely served his affidavit showing that Cortland County which he had designated as the place of trial was the proper one. This deprived the defendants of the option granted by said rule, and rendered the aforesaid 1942 addition to the rule wholly inoperative, the inapplicability of which did not affect subdivision 1 of rule 63 of the Rules of Civil Practice under which defendants could move for a change of venue in Onondaga County, which adjoins Cortland County where plaintiff brought his action. In our opinion the 1942 addition to rule 146, whereby the contingency, of a plaintiff’s failure to timely serve the requisite affidavit may at a defendant’s option greatly widen or extend the distance of the area for his motion, did not limit or cut down the area for his motion as permitted by rule 63.
On defendants’ motion it was their burden to establish, not that plaintiff has a residence in Hamilton County, but rather, that he had none in Cortland County. For venue purposes one may have a residence in more than one county. (Bischoff v. Bischoff, 88 App. Div. 126; Civ. Prac. Act, § 182.) If defendants’ proofs may be said to establish, prima facie, that plaintiff did not have a residence in Cortland County when he brought his action there, such a showing was completely overthrown by the uncontradicted proofs contained in plaintiff’s affidavit and that *622 of his attending physician. Defendants have shown nothing to gainsay plaintiff’s positive averments of his June, 1950, choice of residence in Cortland County or the bona fides of his declared, intention in that regard. Those proofs established all the requisite elements of plaintiff’s residence there for venue purposes, viz: a bona fide intention to choose that locale for residence purposes, characterized by the element of permanency and an actual abiding there (since March 1950), with an intention of remaining. (Hurley v. Union Trust Co., 244 App. Div. 590.) That plaintiff’s misfortune initially forced his residence in a hospital there where he continues to abide of his own choice, does not in itself destroy his right to gain a residence in that county. His actual abode in the hospital in Cortland County enabled the choice he has made which, and under the circumstances shown, effected a requisite residence status for venue purposes.
The order appealed from should be affirmed insofar as it denies plaintiff’s cross motion to dismiss, and should be reversed, on the law and facts, with $20 costs, insofar as it grants defendants’ motion for a change of venue.
Foster, P. J., Heffernan, Deyo and Bergan, JJ., concur.
Order appealed from affirmed insofar as it denies plaintiff’s cross motion to dismiss; and reversed, on the law and facts, with $20 costs, insofar as it grants defendants’ motion for a change of venue. [See 278 App. Div. 727.]