J. Irwin Shapiro, J.
This is a motion by the defendant to change the venue of this action from Queens County to Nassau County, where, concededly, defendant has its principal place of business.
The plaintiff Cyrus Fromkin, in opposition to the motion, says, ‘ While I maintain a residence in Huntington, New York, I also reside at the Traveler’s Hotel in Queens County. I manage the hotel and obviously the hours of a hotel manager are long, and many times irregular. Emergencies of many kinds, many times, require my presence at the Hotel into the early hours of the morning. Accordingly, I maintain a residence at the Hotel which I use and which my wife uses on many occasions. Sometimes I use that residence several times a week, in order to avoid trips to Huntington from Queens.”
Section 182 of the Civil Practice Act provides, that for purposes of venue, “ a party having or maintaining a residence in more than one county shall be deemed a resident of either county.”
The defendant, in support of its motion for a change of venue to Nassau County, relies on Kleinrock v. Nantex Mfg. Co. (201 App. Div. 236 [2d Dept., 1922]). It is true that the court there held that a person who maintained a home in Brooklyn did not, for the purposes of venue, become a resident of Orange County even though it clearly appeared that he did maintain *118 a permanent additional residence in Orange County. The only difficulty with the Kleinrock case is that it was decided before section 182 of the Civil Practice Act was amended by the addition of the sentence above set forth with respect to “ a residence in more than one county ”. (L. 1925, ch. 493.) In the absence of any provision in the statute at the time of the decision in the Kleinrock ease, with respect to" dual residence, that court held (p. 238) that the word “‘resided’ * * * should be construed generally as synonymous with domicile, and that its true meaning is the permanent home and the place to which, whenever absent for business or pleasure, one intends to return.”
Neither is Oelkers v. Hulseberg (200 Misc. 352, affd. 279 App. Div. 669) determinative of this motion. In that case Special Term, in granting the motion for a change of venue, concluded that the plaintiff’s wife had attempted to establish a fictitious residence solely for the purpose of being able to lay the venue of the action in Suffolk County. The court, therefore, determined that there was no true residence in Suffolk County, but merely a stop-gap renting of a room.
If there were here a mere stop-over at a hotel, or rooming-house, or a vacation at a seashore or mountain resort (Washington v. Thomas, 103 App. Div. 423) it would be clear that the plaintiffs had improperly begun their action in Queens County. Since, however, residence as used in section 182 of the Civil Practice Act is not synonymous with domicile and a party may have more than one residence (Bradley v. Plaisted, 277 App. Div. 620; Schwartz v. Schwartz, 274 App. Div. 1082; Hurley v. Union Trust Co. of Rochester, 244 App. Div. 590), the question becomes a factual one as to whether the plaintiffs have a bona fide residence in Queens County in addition to their unquestioned residence in Nassau County.
That one home is the regular or nine months a year residence and the other only a permanent summer residence, or as in this case a claimed permanent hotel residence, does not make the latter the less a residence for purposes of venue — or even for domicile and voting rights. (Matter of Croen, 2 A D 2d 696; Matter of Newcomb, 192 N. Y. 238.)
The plaintiff, Cyrus Fromkin, in his opposing affidavit, makes the conclusory statement that ‘ ‘ I maintain a residence at the Hotel ’ ’. The statement is equivocal. Does he have a room in the hotel which is his permanently and from which other guests are excluded, or does he use any available room when he decides to remain at the hotel overnight? These and other questions remain unanswered; they may well be determinative of this motion. (See Hammerman v. Louis Watch Co., 7 A D 2d 817.)
*119 Thus, the papers before the court leave the genuineness of the plaintiff Cyrus Fromkin’s claim of an additional bona fide residence at the Traveler’s Hotel in Queens County in sufficient doubt to preclude a summary determination of the question. Accordingly, the court will take testimony on that question at Trial Term, Part VIII, of this court on Tuesday, February 24, 1959, at 10:00 a.m.
Decision on this motion will be held in abeyance in the meantime.